**BANCORPSOUTH BANK f/k/a Bank of Mississippi, Appellant,**

v.

**Albert PREVOT, Appellee.**

**No. 14–06–00302–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 22, 2008.

M.H. Cersonsky and Nathan Joseph Milliron, Houston, for appellant.

Harry Herzog, Houston, for appellee.

Panel consists of Justices YATES, SEYMORE, and EDELMAN.\*

### SUBSTITUTE OPINION

CHARLES W. SEYMORE, Justice.

We grant appellee's motion for rehearing. We withdraw our opinion dated February 26, 2008 and issue this substitute opinion.

Appellant, BancorpSouth Bank f/k/a Bank of Mississippi ("Bancorp"), filed a motion to enforce a 2004 Mississippi judgment against appellee, Albert Prevot, that was filed in Texas in 2005 pursuant to the Uniform Enforcement of Foreign Judgments Act ("UEFJA").[1] The trial court signed a final order stating it did not grant or deny the motion because it had no jurisdiction. We reverse and render judgment that the trial court has jurisdiction to enforce the 2004 Mississippi judgment, filed in Texas in 2005, and that the 2004 Mississippi judgement, filed in Texas in 2005, is presently enforceable as a Texas judgment.

## I. BACKGROUND

Bancorp sued Prevot in federal district court in Mississippi to recover the amount due on a promissory note guaranteed by Prevot. In 1983, Bancorp obtained a default judgment in excess of $1.1 million against Prevot. Under Mississippi law, a judgment has a lifespan of seven years, and any action founded on a judgment must be brought within seven years after rendition of the judgment. See Miss.Code Ann. §§ 15–1–43, 15–1–47 (West 2007). Therefore, in 1990, 1997, and 2004, Bancorp filed suits in Mississippi state court to extend each preceding judgment lien. Bancorp obtained a default judgment in each action.[2] The latest judgment was in excess of $4.6 million due to accrued interest.

Pursuant to the UEFJA, Bancorp sought to domesticate its Mississippi judgments in Texas, where Prevot has lived since the early 1980s. Bancorp filed the 1990 Mississippi judgment in Texas in 1992. This judgment became dormant in Texas in 2002[3] and was not revived through any of the methods allowed by statute.[4] Bancorp filed the 1997 Mississip-

---

\* Senior Justice Richard H. Edelman sitting by assignment.

1. Appellant's name has changed several times during this dispute. We will refer to appellant as "Bancorp" throughout this opinion.

2. The 1990 and 1997 judgments are not in our record, but the parties agree they were entered.

3. A writ of execution was issued in 1992, but no further writ of execution has been issued since that time. See Tex. Civ. Prac. & Rem. Code Ann. § 34.001(b) (Vernon 1997) ("If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant....").

4. See Tex. Civ. Prac. & Rem.Code Ann. § 31.006 (Vernon 1997) ("A dormant judgment may be revived by scire facias or by an action of debt brought not later than the sec-

pi judgment in Texas in 2001. Bancorp filed the 2004 Mississippi judgment in Texas in 2005.[5]

Prevot did not timely file any post-judgment motion challenging the filed foreign judgments. Further, he did not appeal from the judgments. Instead, after Bancorp conducted some post-judgment discovery, Prevot advised Bancorp that he considered the judgments to be unenforceable in Texas. Therefore, in December 2005, Bancorp filed in the Texas trial court a "Motion to Enforce Mississippi Judgment." Bancorp sought to enforce the 2004 Mississippi judgment, filed in Texas in 2005, or alternatively, the 1997 Mississippi judgment, filed in Texas in 2001.[6] After a hearing, the trial court signed a final order stating, "The Court neither grants nor denies the motion. The Court has no jurisdiction." This appeal followed.

## II. The UEFJA

■ Under the United States Constitution, each state must give full faith and credit to the public acts, records, and judicial proceedings of every other state. *See* U.S. Const. art. IV, § 1. To comply with the full-faith-and-credit principle, Texas has implemented its version of the UEFJA. *See generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001–.008 (Vernon 1997 & Supp.2007). Section 35.003 of the Texas UEFJA governs the filing and status of foreign judgments as follows:

> (a) A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state.
>
> (b) The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed.
>
> (c) A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed.

Tex. Civ. Prac. & Rem.Code Ann. § 35.003.[7]

■ Under the UEFJA, filing a foreign judgment in a Texas court instantly creates an enforceable, final Texas judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 35.003(b), (c); *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex.1996); *Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 277, 279 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex.App.-San Antonio 1996, writ denied). The burden then shifts to the debtor to prove the foreign judgment should not be given full faith and credit. *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex.App.-Houston [14th Dist.] 2004, pet. denied); *Reading & Bates Constr. Co. v. Baker Energy Res. Corp.*, 976 S.W.2d 702, 712 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *Markham v.*

---

ond anniversary of the date that the judgment becomes dormant.").

**5.** The 1992 filing was in the underlying trial court. The 2001 and 2005 filings were in other Harris County district courts. Subsequently, the 2001 and 2005 filings were transferred to the underlying trial court and consolidated.

**6.** Bancorp did not seek enforcement of the 1990 Mississippi judgment, filed in Texas in

1992, which had become dormant. Bancorp also filed the 1997 Mississippi judgment in a Brazoria County district court in 1998. However, that filing was not at issue in the motion to enforce.

**7.** "Foreign judgment" includes "a judgment...of a court of the United States." Tex. Civ. Prac. & Rem.Code Ann. § 35.001.

*Diversified Land & Exploration Co.*, 973 S.W.2d 437, 439 (Tex.App.-Austin 1998, pet. denied). The debtor is empowered with all procedural devices for reopening, vacating, or staying the judgment that any post-judgment debtor is allowed. Tex. Civ. Prac. & Rem.Code Ann. § 35.003(c); *Mindis Metals*, 132 S.W.3d at 485; *see Urso*, 93 S.W.3d at 279; *Markham*, 973 S.W.2d at 440; *Bahr*, 928 S.W.2d at 100.

### III. THE ISSUES

In its motion to enforce, Bancorp asserted the 2004 Mississippi judgment was properly filed in Texas in 2005; thus, it is enforceable pursuant to the UEFJA and the full-faith-and-credit principle.[8]

In response to the motion and on appeal, Prevot essentially presents four substantive reasons this filed foreign judgment is allegedly unenforceable in Texas:

- because Bancorp filed the 1990 Mississippi judgment in Texas in 1992, enforcement of the subsequent judgment at issue would violate the "one judgment" rule; *see* Tex.R. Civ. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law.");

- because this previously-filed judgment is dormant, enforcement of the subsequent judgment at issue would circumvent Texas statutes regarding dormancy and revival;

- enforcement of the judgment at issue is barred by the applicable Texas ten-year statute of limitations because the original 1983 Mississippi judgment, not the renewed Mississippi judgment at issue, is operative for purposes of applying limitations; *see* Tex. Civ. Prac. & Rem.Code Ann. § 16.066(b) (Vernon 1997) ("An action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before the commencement of the action in this state."); and

- a renewed foreign judgment is purportedly entitled to registration in a forum state under the UEFJA only if it constituted a "new" judgment, as opposed to extension of the original judgment; and the renewed Mississippi judgment at issue was not a "new" judgment.[9]

In response to the motion to enforce, Prevot also asserted the trial court lacked jurisdiction to enforce the filed foreign judgment because its plenary power had expired when Bancorp filed the motion.

On appeal, Bancorp presents two issues. In its first issue, Bancorp contends Prevot waived his arguments because he did not file any post-judgment motion challenging the filed foreign judgment, an appeal from the judgment, or a bill of review. Rather, Prevot first challenged enforcement of the judgment in his response to Bancorp's motion to enforce—after the trial court's plenary power had expired. Therefore, Bancorp argues the trial court has jurisdiction

---

8. Because we conclude the trial court had jurisdiction to enforce the 2004 Mississippi judgment, filed in Texas in 2005, and it is presently enforceable, we will address this judgment only; we will refer to it as "the judgment" throughout our discussion, unless otherwise noted. We will not address Bancorp's alternative request for enforcement of the 1997 Mississippi judgment, filed in Texas in 2001.

9. In response to the motion to enforce, Prevot urged his "one judgment" and statute-of-limitations contentions. On appeal, he expands his argument regarding circumvention of dormancy statutes and contends the renewed Mississippi judgment is not entitled to registration as a "new" judgment.

to enforce the judgment and it is enforceable in Texas.

In its second issue, Bancorp substantively challenges Prevot's arguments. In essence, Bancorp contends the 2004 Mississippi renewal judgment at issue constituted a new judgment; thus (1) this judgment is entitled to enforcement in Texas although the earlier Mississippi judgment had previously been filed in Texas and become dormant; (2) enforcement is not barred by the ten-year statute of limitations because the 2004 Mississippi renewal judgment is operative for purposes of applying limitations; and (3) any renewal foreign judgment is entitled to recognition in Texas; nonetheless, its 2004 Mississippi renewal judgment is enforceable as a new judgment.

## IV. Discussion

Initially, we note that the trial court's order is not exactly clear. The trial court stated, "The Court neither grants nor denies the motion. The Court has no jurisdiction." The trial court seemed to express that it lacks jurisdiction to make any ruling on the motion. Nonetheless, the trial court effectively refused to enforce the Mississippi judgment at issue on the ground it lacks jurisdiction.

The trial court did not state its reason for finding it lacks jurisdiction. In response to Bancorp's motion, Prevot suggested the trial court lacks jurisdiction to enforce the judgment because its plenary power has expired. On appeal, Prevot suggests the trial court lacks jurisdiction to enforce the judgment based on one or both of the substantive arguments presented in his response to the motion or the additional arguments he raises on appeal.

We conclude that (1) the trial court has jurisdiction to enforce the judgment although its plenary power expired, (2) none of Prevot's arguments support the trial court's ruling that it lacks jurisdiction to enforce the judgment, and (3) the judgment is presently enforceable in Texas.

## A. The Trial Court Has Jurisdiction To Enforce The Judgment Although Its Plenary Power Has Expired.

■ Bancorp filed the Mississippi judgment in Texas on February 17, 2005, instantly creating an enforceable, final Texas judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 35.003(b), (c); Wu, 920 S.W.2d at 286; Urso, 93 S.W.3d at 277, 279; Bahr, 928 S.W.2d at 100. Like any Texas judgment, the trial court's plenary power expired thirty days later because no party filed a post-judgment motion attacking the judgment. See Tex.R. Civ. P. 329b; Urso, 93 S.W.3d at 279; Bahr, 928 S.W.2d at 100; Malone v. Emmert Indus. Corp., 858 S.W.2d 547, 548 (Tex.App.-Houston [14th Dist.] 1993, writ denied).

■ Thus, when Bancorp filed the motion to enforce on December 1, 2005, the trial court's plenary power had expired with respect to the filed foreign judgment. Once its plenary power has expired, a trial court may engage only in certain specified activities with respect to its judgment. Custom Corps., Inc. v. Sec. Storage, Inc., 207 S.W.3d 835, 839 (Tex.App.-Houston [14th Dist.] 2006, orig. proceeding). Significantly, a trial court retains statutory and inherent authority to enforce its judgment. See Arndt v. Farris, 633 S.W.2d 497, 499 (Tex.1982); Custom Corps., 207 S.W.3d at 839; Comm'n for Lawyer Discipline v. Denisco, 132 S.W.3d 211, 214–15 (Tex.App.-Houston [14th Dist.] 2004, no pet.); see also Tex.R. Civ. P. 308 (providing that a "court shall cause its judgments and decrees to be carried into execution"). Therefore, the trial court erred if it determined it lacks jurisdiction to enforce the judgment because its plenary power has expired.

## B. None Of Prevot's Arguments Support The Trial Court's Ruling That It Lacks Jurisdiction To Enforce The Judgment.

As we have explained, in response to Bancorp's motion to enforce, Prevot asserted two reasons the Mississippi judgment is allegedly unenforceable in Texas; and on appeal, he presents additional contentions. However, after the Mississippi judgment was filed in Texas, Prevot did not timely raise these challenges in a post-judgment motion or file an appeal from the judgment. Rather, Prevot first challenged enforcement of the judgment in response to the motion to enforce—after the trial court's plenary power expired.

 A judgment debtor must challenge enforcement of a filed foreign judgment within the timetables applicable to attacking any Texas judgment. *See Wu,* 920 S.W.2d at 286; *Urso,* 93 S.W.3d at 279; *Reading & Bates,* 976 S.W.2d at 714–15; *Bahr,* 928 S.W.2d at 100; *Malone,* 858 S.W.2d at 548. Like any Texas judgment, after the trial court's plenary power has expired, it may not vacate a Texas judgment created by the filing of a foreign judgment except with a timely-filed bill of review. *See* Tex.R. Civ. P. 329b(f); *Urso,* 93 S.W.3d at 279–80; *Markham,* 973 S.W.2d at 440; *Malone,* 858 S.W.2d at 548. Prevot has not filed a bill of review.

Nevertheless, Prevot suggests he was allowed to raise his arguments after the trial court's plenary power expired because they constitute attacks on the trial court's jurisdiction. In response to the motion to enforce, Prevot did not specifically frame his substantive arguments as challenges to the trial court's jurisdiction. However, Prevot now suggests the trial court failed to acquire subject matter jurisdiction when the judgment was filed and/or the judgment is void based on one or all of Prevot's arguments. Therefore, Prevot suggests the trial court found that it lacks jurisdiction to enforce the judgment based on one or all of Prevot's arguments.

As Prevot acknowledges, he is mounting a collateral attack on the judgment because he seeks to avoid its effect in a proceeding to enforce the judgment—not a proceeding to vacate the judgment. *See Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex. 2003) (recognizing that, in action to enforce decree rendered eighteen years earlier, other party's attempt to avoid its effect by arguing it was void constituted collateral attack). Prevot cites no Texas case in which a judgment debtor initiated a successful collateral attack on a filed foreign judgment by asserting the *Texas court* lacked jurisdiction over the judgment.[10] Nevertheless, we will assume, without deciding, that the rules applicable to a collateral attack on any Texas judgment apply to a collateral attack on a Texas judgment created by the filing of a foreign judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 35.003(b), (c).

However, we have found conflicting views on the extent to which a party may collaterally attack a Texas judgment: one view holding a party may collaterally at-

---

10. We distinguish Prevot's position from a situation in which a debtor claims that the *sister-state* court which rendered the judgment lacked jurisdiction. Such a claim is a well-established exception to the full-faith-and-credit principle and constitutes a collateral attack on the *sister-state* judgment, although the debtor must timely raise this claim when the judgment is filed in Texas. *See Reading & Bates,* 976 S.W.2d at 713, 714–15 (outlining well-established exceptions to full faith and credit while also recognizing that debtor must timely raise objections to enforcement after foreign judgment is filed in Texas). In this case, Prevot does not claim the *Mississippi court* lacked jurisdiction to render the judgment. Rather, he suggests the *Texas trial court* lacked jurisdiction over the Mississippi judgment when filed in Texas.

tack a judgment only for lack of subject matter jurisdiction; and another view indicating a party may collaterally attack a judgment on any of the limited grounds that render a judgment void. Under either standard, we conclude that (1) Prevot's arguments, even if meritorious, did not deprive the trial court of subject matter jurisdiction over the Texas judgment created by the filing of the Mississippi judgment; and (2) Prevot may not collaterally attack the Texas judgment by characterizing it as "void."

**1. Prevot's arguments, even if meritorious, did not deprive the trial court of subject matter jurisdiction over the Texas judgment.**

■ In one line of cases, the Texas Supreme Court has held that a bill of review is the only method by which a trial court may set aside its judgment after its plenary power has expired unless the court lacked "jurisdictional power" to render the judgment. *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985) (citing *Deen v. Kirk,* 508 S.W.2d 70, 72 (Tex.1974)); *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961) (orig. proceeding). In this context, "jurisdictional power" means " 'jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs.' " *Middleton,* 689 S.W.2d at 213 (quoting *Deen,* 508 S.W.2d at 72). The court recognized that a judgment may be void for reasons other than lack of subject matter jurisdiction, but a judgment may not be set aside at any time on the ground it is void. *See Middleton,* 689 S.W.2d at 213 (citing *Deen,* 508 S.W.2d at 72; *McEwen,* 345 S.W.2d at 710).

In some cases, our court has followed this view when recognizing a party may collaterally attack a judgment only on the ground that the trial court lacked "jurisdictional power" as defined in *Middleton. See Barrera v. State,* 130 S.W.3d 253, 258–

59 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *Nguyen v. Intertex, Inc.,* 93 S.W.3d 288, 294–95, 294 n. 3 (Tex.App.-Houston [14th Dist.] 2002, no pet.). More specifically, we have essentially followed this view with respect to a collateral attack on a foreign judgment filed under the UEF-JA. *See Urso,* 93 S.W.3d at 277–80, 279 n. 5 (holding that, in response to creditor's application for turnover and appointment of receiver after trial court's plenary power expired, debtor could not challenge domesticated foreign judgment as void for lack of notice of Texas filing because debtor was required to file bill of review; and distinguishing debtor's claim from situation in which trial court had no "subject matter jurisdiction" or "jurisdictional power.").

■ Except for Prevot's statute-of-limitations claim, we have found no authority addressing whether his arguments concern the trial court's "jurisdictional power" over the filed foreign judgment. A statute-of-limitations claim, whether asserted in a suit originating in Texas or in opposition to enforcement of a filed foreign judgment, is not a challenge to the trial court's subject matter jurisdiction; rather, limitations is a procedural matter that is waived if not raised in the trial court. *See Franco v. Allstate Ins. Co.,* 505 S.W.2d 789, 793 (Tex. 1974) (pertaining to general limitations statute); *Moore v. Rotello,* 719 S.W.2d 372, 380 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) (same); *Reading & Bates,* 976 S.W.2d at 713, 714–15 (describing limitations period imposed by Civil Practice and Remedies Code section 16.066(b) as a well-established exception to full faith and credit while also recognizing debtor must challenge enforcement within ordinary post-judgment timetables).

We conclude that none of Prevot's arguments, even if meritorious, deprived the trial court of "jurisdictional power" over

the filed foreign judgment—"the power to hear and determine cases of the general class to which the particular one belongs." *See Middleton,* 689 S.W.2d at 213. Prevot does not challenge the authority of the trial court to generally enforce foreign judgments. *See Nguyen,* 93 S.W.3d at 294 n. 3 (citing *McEwen,* 345 S.W.2d at 709–710, when recognizing as examples of situations in which a trial court has no "jurisdictional power" to render a judgment: a county court rendering a divorce decree or a judgment for title to land).[11] Rather, Prevot presents reasons the trial court, despite its authority to enforce foreign judgments, allegedly should not give full faith and credit to *this particular* foreign judgment.

■ Therefore, Prevot's position is *no* different than any other situation in which a debtor contends a foreign judgment is not entitled to enforcement in Texas. Courts certainly recognize some exceptions to according full faith and credit to a foreign judgment. *See Mindis Metals,* 132 S.W.3d 477, 484–85; *Reading & Bates,* 976 S.W.2d at 713.[12] At the same time, as we have discussed, the Legislature and Texas courts require a debtor to challenge enforcement of a filed foreign judgment under the timetables applicable to attacking

any judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 35.003(c); *Wu,* 920 S.W.2d at 286; *Urso,* 93 S.W.3d at 279; *Reading & Bates,* 976 S.W.2d at 714–15; *Bahr,* 928 S.W.2d at 100; *Malone,* 858 S.W.2d at 548. Consequently, the Legislature and courts clearly do not intend that a debtor may raise these exceptions to full faith and credit at any time simply by asserting that a meritorious claim would deprive the Texas trial court of subject matter jurisdiction over a filed foreign judgment. Likewise, Prevot's proffered reasons the trial court should not accord full faith and credit to the Mississippi judgment at issue do not constitute attacks on the trial court's subject matter jurisdiction that may be raised at any time. Accordingly, Prevot's argument that the trial court lacked subject matter jurisdiction over the judgment does not support the trial court's ruling that it lacks jurisdiction to enforce the judgment.

**2. Prevot may not collaterally attack the Texas judgment by characterizing it as "void."**

■ Prevot also suggests the trial court lacks jurisdiction to enforce the judgment because it is "void." In some cases, the Texas Supreme Court has expressed a

11. Further, there is no indication the trial court was not a "court of competent jurisdiction." *See* Tex. Civ. Prac. & Rem.Code Ann. § 35.003(b) (providing that foreign judgment "may be filed in the office of the clerk of any court of competent jurisdiction of this state."); Tex. Gov't Code Ann. § 24.007 (Vernon 2004) (stating district court has jurisdiction provided by Article V, Section 8, of the Texas Constitution); Tex. Const. art. V, § 8 (providing district court has "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.").

12. The following are well-established exceptions to full faith and credit: (1) the judgment

is interlocutory; (2) the judgment is subject to modification under the law of the rendering state; (3) the rendering court lacks jurisdiction; (4) the judgment was procured by fraud; or (5) limitations has expired under Texas Civil Practice and Remedies Code section 16.066. *See Mindis Metals,* 132 S.W.3d 477, 484–85; *Reading & Bates,* 976 S.W.2d at 713. The *Reading & Bates* court also stated that a sister state judgment need not be recognized or enforced in Texas " 'if such recognition or enforcement is not required by the national policy of full faith and credit because it would involve an improper interference with important interests of [Texas].' " 976 S.W.2d at 713 (quoting Restatement (Second) of Conflict of Laws § 103 (1988)).

broader view than the *Middleton* court by indicating a judgment is subject to collateral attack on any of the grounds that render a judgment void: the rendering court "had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *See, e.g., Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex.2005); *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (orig. proceeding); *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex.1987); *see also Reiss,* 118 S.W.3d at 443. The court has further indicated that any other errors, such as a court's action contrary to a statute, constitutional provision, or rule of civil or appellate procedure, render the judgment merely voidable, so that it must be attacked within prescribed time limits. *See Reiss,* 118 S.W.3d at 443; *Mapco,* 795 S.W.2d at 703; *Cook,* 733 S.W.2d at 140.

Under this broader view, none of Prevot's contentions, even if meritorious, fit within the defined categories of a void judgment. *See Browning,* 165 S.W.3d at 346; *Mapco,* 795 S.W.2d at 703; *Cook,* 733 S.W.2d at 140; *see also Reiss,* 118 S.W.3d at 443. Instead, we construe Prevot's contentions as arguments that the filed foreign judgment is voidable because according it full faith and credit violates or circumvents a rule or statute: the Texas rule of procedure providing only "one judgment" may be rendered in a case; Texas statutes governing dormancy and revival; the Texas statute of limitations for enforcement of foreign judgments; and the alleged principle that an extension foreign judgment may not be registered in the forum state under the UEFJA. *See Reiss,* 118 S.W.3d at 443; *Mapco,* 795 S.W.2d at 703; *Cook,* 733 S.W.2d at 140.[13]

Consequently, again, Prevot's contentions are no different than any challenge to enforcement of a filed foreign judgment, which must be raised within prescribed timetables. *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.003(c); *Wu,* 920 S.W.2d at 286; *Urso,* 93 S.W.3d at 279; *Reading & Bates,* 976 S.W.2d at 714–15; *Bahr,* 928

---

**13.** Prevot primarily relies on his "one judgment" argument when asserting the judgment is void. As Prevot asserts, Bancorp previously filed in Texas its earlier Mississippi judgments. Prevot cites *Mullins v. Thomas,* in which the court held that entry of a second final judgment in the same case does not vacate the first, and if nothing shows the first has been vacated, the second is a "nullity." 136 Tex. 215, 150 S.W.2d 83, 84 (1941). Therefore, Prevot asserts the judgment at issue is a nullity in light of the earlier filings. Apparently, Prevot contends that "nullity" equals void ab initio, such that he may attack the judgment at any time. We have recently recognized that the *Mullins* rule has been eroded; instead, we have treated a change in a judgment while the trial court retained plenary power as a modified, corrected, or reformed judgment which presumptively vacated the former judgment. *See Quanaim v. Frasco Rest. & Catering,* 17 S.W.3d 30, 37–40 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Ott v. Touchstone,* 2005 WL 2420376, at *2–3 (Tex.App.-Houston [14th Dist.] Aug. 25, 2005, no pet.) (mem. op.); *see also Deep*

*Water Slender Wells, Ltd. v. Shell Int'l Exploration & Production, Inc.,* 234 S.W.3d 679, 695–96 (Tex.App.-Houston [14th Dist.] 2007, pet. filed). Regardless of the prevailing standard, these approaches for determining the operative judgment have typically been applied when a trial court entered multiple conflicting judgments in the same Texas proceeding while it retained plenary power. *See, e.g., Quanaim,* 17 S.W.3d at 34; *Hammett v. Lee,* 730 S.W.2d 350, 350–51 (Tex.App.-Dallas 1987, writ dism'd w.o.j.). Nevertheless, we need not decide whether the "one judgment" rule, or the *Mullins* principle for determining the operative judgment, apply when a creditor files in Texas for enforcement purposes multiple, separate judgments rendered by a sister-state court. Since *Mullins,* the Texas Supreme Court has articulated the circumstances which render a judgment void and thus subject to collateral attack. *See Browning,* 165 S.W.3d at 346; *Mapco,* 795 S.W.2d at 703; *Cook,* 733 S.W.2d at 140; *see also Reiss,* 118 S.W.3d at 443. Prevot's "one judgment" contention does not fit within these defined categories of a "void" judgment.

S.W.2d at 100; *Malone,* 858 S.W.2d at 548. Therefore, Prevot may not collaterally attack the Texas judgment by characterizing it as "void." Accordingly, Prevot's argument that the judgment is void does not support the trial court's ruling that it lacks jurisdiction to enforce the judgment.[14]

### C. The Judgment Is Presently Enforceable.

██ In sum, the trial court erred by ruling it lacks jurisdiction to enforce the judgment. Prevot contends his arguments opposing enforcement of the judgment are meritorious; thus, we should uphold the trial court's order even if it erred by ruling it lacks jurisdiction to enforce the judgment. We disagree.

As we have discussed, the Mississippi judgment became a final, enforceable Texas judgment when filed in Texas. Prevot did not raise his challenges to enforcement in a timely post-judgment motion or appeal from the judgment. Further, he may not collaterally attack the judgment on these grounds. Consequently, Prevot bears the burden to obtain an order vacating the judgment via a bill of review. Therefore, short of Prevot's prevailing on a bill of review, the trial court has no alternative but to enforce the judgment as requested by Bancorp in its motion.[15] When reversing a trial court's judgment, we must render the judgment the trial court should have rendered, except when (1) remand is necessary for further proceedings, or (2) the interests of justice require remand for another trial. Tex.R. Civ.App. 43.3. Accordingly, our ruling the trial court has jurisdiction to enforce the judgment also militates a holding that the judgment is presently enforceable. We sustain Bancorp's first issue.[16]

We reverse the trial court's final order and render judgment that (1) the trial court has jurisdiction to enforce the "Default Judgment" entered by the Circuit Court of Harrison County, Mississippi, Second Judicial District, on November 23, 2004, and filed in Texas on February 17, 2005, and (2) the "Default Judgment" entered by the Circuit Court of Harrison County, Mississippi, Second Judicial District, on November 23, 2004, and filed in Texas on February 17, 2005 is presently enforceable as a Texas judgment.

---

14. Finally, Prevot insists that he is at risk of multiple collections if the judgment at issue is enforceable; he asserts Bancorp will have multiple judgments in effect, considering the earlier Texas filings. However, there is no indication Bancorp is attempting to collect multiple times. Instead, as Prevot emphasizes, the 1992 Texas filing has become dormant. Further, Bancorp requested enforcement of the 2001 Texas filing only as an alternative to enforcement of the 2005 Texas filing. Apparently, Bancorp is attempting to collect even once on its judgment. Regardless, another issue might be presented if Bancorp eventually attempts multiple collections. In this case, Prevot's concern is offered to support his contention that the judgment at issue is unenforceable in Texas in light of the earlier filings, which he may not raise by collateral attack.

15. We express no opinion on the merits of any later-filed bill of review.

16. Based on our disposition of Bancorp's first issue, we need not consider its second issue, substantively challenging Prevot's arguments opposing enforcement.