Affirmed and Memorandum Opinion filed August 3, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00134-CV

___________________

 

Shelton Robert Modelist, Appellant

 

V.

 

Deutsche Bank National Trust Company, F/K/A
Bankers Trust of California, As Trustee For Aames Funding corporation MT2001-4,
Appellee



 



 

On
Appeal from the County Civil Court at Law No. 3

Harris County,
Texas



Trial Court Cause No. 926,859

 



 

 

MEMORANDUM OPINION

            Shelton Robert Modelist appeals from a
judgment in favor of appellee, Deutsche Bank National Trust Company, F/K/A
Bankers Trust of California, As Trustee For Aames Funding Corporation MT2001-4,
in its forcible-detainer action.  In three issues presented in his brief and
two issues in a supplemental brief, Modelist contends the trial court lacked
subject-matter jurisdiction, abused its discretion by allowing appellee’s
attorney to testify as its representative, and violated Modelist’s due-process
rights.  We affirm.

I.                  
Background

Appellee, as
Modelist’s mortgagee, foreclosed on certain real property pursuant to a Texas
Home Equity Security Instrument executed by Modelist.  Appellee purchased the property
at the foreclosure sale conducted on June 3, 2008.  The property was conveyed
to appellee via a Substitute Trustee’s Deed.  The security instrument provided
that, in the event of such a sale, Modelist or any person holding possession “shall
immediately surrender possession of the Property to the purchaser at that sale
. . .” and “[i]f possession is not surrendered, [Modelist] or such person shall
be a tenant at sufferance and may be removed by writ of possession or other
court proceeding.”  On June 13, 2008, appellee sent Modelist and all occupants a
notice to vacate the premises.  See Tex. Prop. Code Ann. § 24.005
(Vernon Supp. 2009) (prescribing rules for providing notice to vacate before
filing eviction suit).  Modelist refused to vacate the premises.

Appellee then
filed a forcible-detainer action against Modelist in a justice court.  See
Tex. Prop. Code Ann. § 24.002(a)(2) (Vernon 2000) (“A person who refuses to
surrender possession of real property on demand commits a forcible detainer if
the person . . . is a tenant at will or by sufferance, including an occupant at
the time of foreclosure of a lien superior to the tenant’s lease.”).  In
accordance with a jury finding, the justice court signed a judgment awarding
appellee possession of the premises.  Modelist, who has appeared pro se
throughout much of this proceeding, then filed in the underlying county court a
pleading entitled, “Appellant’s First Amended Answer; Motion to Vacate Justice
Court Judgment and Motion to Dismiss For Lack of Jurisdiction.”  We construe
this pleading as an appeal of the justice-court judgment as well as a challenge
to the subject-matter jurisdiction of the justice court and county court over
the forcible-detainer action.  On November 12, 2008, following a bench trial,
the county court signed a judgment awarding appellee possession of the property
and setting a supersedeas bond.

 

 

 

II.    
Subject-Matter Jurisdiction

In the first
issues of his brief and supplemental brief, Modelist contends the county court lacked
subject-matter jurisdiction over this forcible-detainer action because determination
of the right to possession of the property involved a title dispute and the
action was barred by the statute of limitations.[1]

Subject-matter
jurisdiction is a question of law, which we review de novo.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
Jurisdiction of forcible-detainer actions is expressly given to the justice
court of the precinct where the property is located and, on appeal, to county
courts for trial de novo.  See Tex. Prop. Code Ann. § 24.004
(Vernon 2000); Tex. Gov’t Code Ann. § 27.031(a)(2) (Vernon Supp. 2009); Tex. R.
Civ. P. 749; Rice v. Pinney, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001,
no pet.).  However, a justice court is expressly deprived of jurisdiction to
determine or adjudicate title to land.  See Tex. Gov’t Code Ann. §
27.031(b)(4) (Vernon Supp. 2009); Salaymeh v. Plaza Centro, LLC, 264
S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.); Rice, 51
S.W.3d at 708.  The appellate jurisdiction of the county court is confined to
the jurisdictional limits of the justice court.  Salaymeh, 264 S.W.3d at
435; Rice, 51 S.W.3d at 708.  Therefore, notwithstanding the grant of
general jurisdiction to a county court, it has no jurisdiction to adjudicate
title to real property in a de novo trial on appeal of a forcible-detainer
action from justice court.  Salaymeh, 264 S.W.3d at 435; Rice, 51
S.W.3d at 708–09.

A forcible-detainer
action is intended to provide a speedy, summary, and inexpensive determination
of the right to immediate possession of real property.  Scott v. Hewitt,
127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936); Rice, 51 S.W.3d at 709. 
To preserve this nature of the remedy, the only issue in a forcible-detainer action
is the right to actual and immediate possession; the merits of title are not
adjudicated.  Tex. R. Civ. P. 746; Rice, 51 S.W.3d at 709; see Salaymeh,
264 S.W.3d at 435.  To prevail in a forcible-detainer action, a plaintiff is
not required to prove title but must only show sufficient evidence of ownership
to demonstrate a superior right to immediate possession.  Salaymeh, 264
S.W.3d at 435; Rice, 51 S.W.3d at 709.  However, when determination of the
right to immediate possession necessarily requires resolution of a title
dispute, a justice court has no jurisdiction to enter judgment.  Salaymeh,
264 S.W.3d at 435; Rice, 51 S.W.3d at 709.          

At one point
in the county-court trial, Modelist made representations negating there was any
title dispute between Modelist and appellee that would deprive the court of
jurisdiction.  In particular, Modelist expressly stated that he was not the
owner of the property because he had conveyed it to a corporation named
“Cobneyi” by warranty deed before the foreclosure sale.  Modelist then argued he
had the right of possession because Cobenyi is owner, and they agreed Modelist
would live at and maintain the property.  

The county
court admitted the referenced warranty deed into evidence.  Although the first
page of the deed shows it was dated October 25, 2007 (before the foreclosure
sale), it was actually executed on August 25, 2008 (after the sale).  Consequently,
the evidence showed Modelist as owner immediately before the foreclosure sale. 
Nevertheless, as the county court correctly remarked, appellee presented a
valid Substitute Trustee’s Deed showing it owned the property by virtue of purchase
at the foreclosure sale, regardless of the identity of the preceding owner, and
thus appellee had a superior right to possession than Modelist.

Subsequently, Modelist
suggested that the county court lacked jurisdiction because there was a
title dispute pending in district court based on a claim the foreclosure was
invalid.  However, he presented the county court with no evidence to
demonstrate existence of such litigation or provide additional details to show any
pending litigation deprived the county court of jurisdiction over the forcible-detainer
action.  Further, he did not clearly delineate the parties to this dispute
because he told the county court that “we are in [district] court,” although he
had earlier stated he did not own the property.  

On appeal,
Modelist reiterates that there was a title dispute pending in district court regarding
validity of the foreclosure which deprived the county court of jurisdiction
over the forcible-detainer action.  However, the facts cited and documents
presented to support his claim are not part of the appellate record in this
case.[2]
 Moreover, contrary to his express representations at trial, Modelist
apparently now claims he and “Cobneyi” are the same person and the title
dispute was between Modelist and appellee.[3]

Regardless, the
fact that such a title dispute may have been pending in district court did not
deprive the county court of jurisdiction over the forcible-detainer action.  A forcible-detainer
action is not exclusive, but cumulative, of any other remedy that a party may
have in the courts of this state.  Scott, 127 Tex. at 35, 90 S.W.2d at 819;
Salaymeh, 264 S.W.3d at 435–36; Rice, 51 S.W.3d at 709.  The
displaced party is entitled to bring a separate suit in district court to
determine questions of title.  See Scott, 127 Tex. at 35, 90
S.W.2d at 818; Salaymeh, 264 S.W.3d at 436; Rice, 51 S.W.3d at
709.  A forcible-detainer action may run concurrently with a suit in another
court even if the other suit involves adjudication of matters that could result
in a different determination of possession from the decision rendered in the forcible-detainer
action.  Salaymeh, 264 S.W.3d at 436; see Rice, 51 S.W.3d
at 709.  Accordingly, a justice court is not deprived of jurisdiction merely by
the existence of a title dispute; it is deprived of jurisdiction only if
resolution of a title dispute is a prerequisite to determination of the right
to immediate possession. Salaymeh, 264 S.W.3d at 435; Rice, 51
S.W.3d at 709, 713.

In the present
case, determination of the right to immediate possession did not require
resolution of any title dispute.  Rather, appellee presented a security
instrument and Substitute Trustee’s Deed showing Modelist held the status of
tenant at sufferance upon appellee’s purchase of the property.  This landlord-tenant
relationship provided both the justice court and the county court with an
independent basis to determine the immediate right to possession without the
necessity of resolving any title dispute.  See Rice, 51 S.W.3d at
708–13 (holding county court had jurisdiction over forcible-detainer suit
brought by foreclosure-sale purchaser against former owners where deed of trust
securing note provided they were tenants at sufferance upon sale of property,
despite owners’ contention that title dispute pending in district court
challenging foreclosure deprived county court of jurisdiction). 

Modelist also challenges
the county court’s subject-matter jurisdiction by presenting a
statute-of-limitations argument.  However, the gist of his argument is primarily
that the foreclosure sale was barred by limitations.  Therefore, this
contention is encompassed within any separate title dispute pending in district
court and is not a basis for opposing the forcible-detainer action.  At one
point, he suggests the forcible-detainer action was also barred by limitations. 
However, Modelist failed to raise any statute-of-limitations challenge to the
forcible-detainer action in the county court.  A statute-of-limitations claim is
not a challenge to the trial court’s subject-matter jurisdiction but is a
procedural matter that is waived if not raised in the trial court.  BancorpSouth
Bank v. Prevot, 256 S.W.3d 719, 726 (Tex. App.—Houston [14th Dist.] 2008,
no pet.) (citing Franco v. Allstate Ins. Co., 505 S.W.2d 789, 793 (Tex. 1974)).


In sum, the
county court had subject-matter jurisdiction over the forcible-detainer
action.  We overrule the first issues of Modelist’s brief and supplemental
brief.  

III.    
Testimony Presented By Appellee

In the second
issue of his brief, Modelist contends the trial court abused its discretion by
allowing appellee’s attorney to testify as its representative.  Modelist
suggests that, by presenting testimony from its own attorney, appellee
effectively furnished no representative at trial; thus, it made no appearance,
and this action should have been dismissed for want of prosecution.  

Modelist
apparently refers to Rex Kesler, who conducted the foreclosure sale as
substitute trustee.  At the outset of trial, both Kesler and an attorney named
Jeffrey Hardaway appeared as counsel for appellee.  Then, anticipating Modelist
would object to his testimony, Kesler announced he was withdrawing as attorney so
that he could testify.  Modelist objected to Kesler’s testimony on the grounds
he was a witness in the pending district-court suit, he was testifying in the forcible-detainer
action for an entity that “does not exist” in Texas, and the county court had
no jurisdiction.  The trial court overruled Modelist’s objection, and Kesler presented
his testimony.

Modelist
waived his appellate complaint because it does not comport with his objection
at trial.  See Tex. R. App. P. 33.1(a) (providing party must make
timely, specific objection to preserve error for appellate review); Wohlfahrt
v. Holloway, 172
S.W.3d 630, 639–40 (Tex. App.—Houston [14th
Dist.] 2005, pet. denied) (holding that to preserve error, party’s argument on
appeal must comport with its argument in trial court).  Modelist’s appellate
complaint that Kesler could not appear as both attorney and witness in the forcible-detainer
action is not the same as his objection to Kesler testifying as a witness in
both the forcible-detainer action and the district-court suit.  Moreover, Modelist
did not ask the trial court to dismiss the case because appellee effectively failed
to appear at trial.  Nonetheless, because Kesler withdrew as attorney before
testifying, we reject Modelist’s contention and overrule his second issue.

 

 

 

IV.     General
Voidness and Due-Process Arguments

In the third
issue of his brief, Modelist contends the county court’s judgment was void.  In
addition to generally reiterating his contention the county court lacked
jurisdiction, he further makes a bare assertion that the trial court violated
his due-process rights by failing to follow “statutory procedure.”  Modelist expands
the due-process argument in the second issue of his supplemental brief by contending
the trial court deprived him of the right to prepare a defense and examine witnesses
and allowed appellee’s witness to testify without personal knowledge.  However,
Modelist failed to preserve error because he did not object on these grounds at
trial, much less present any due-process arguments.  See Magnuson
v. Mullen, 65
S.W.3d 815, 829 (Tex. App.—Fort Worth 2002, pet. denied) (recognizing
that even constitutional complaints may be waived by failure to object at trial). 
Accordingly, we overrule the third issue of his brief and the second issue of
his supplemental brief.

We affirm the trial
court’s judgment.[4]

            

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

 









[1] Modelist also refers to
the purported lack of “personal” jurisdiction, but we presume he is referring
to “subject-matter jurisdiction” because his argument is confined to that
contention.  He has waived any contention regarding “personal” jurisdiction by
failing to advance any analysis or cite authority; although he briefly suggests
this contention is based on the fact that appellee allegedly “does not exist,”
he provides no supporting argument or authority.  See Tex. R. App. P.
38.1(h) (providing appellant’s brief must contain clear and concise argument
for the contentions made, with appropriate citations to authorities and
record); Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co., 106 s.W.3d
169, 173 (Tex. App.—Amarillo 2003, no pet.) (recognizing failure to cite authority
or advance substantive analysis waives issue on appeal).  





[2] On appeal, Modelist sets forth a detailed history of
events leading to, and various litigation concerning, the foreclosure. 
However, he presented no evidence at trial to support these assertions and
cites various documents attached to his briefs that are not part of the
record.  Modelist also filed in this court a transcript of a hearing in the
district-court case, at which he requested the court to enjoin appellee from
obtaining a “writ” for possession until the title dispute and all underlying
causes of action were adjudicated by the district court.  He apparently filed
this transcript in the present appeal to show there was a title dispute in
district court.  However, this hearing occurred after trial of the
forcible-detainer action, and thus the transcript is not part of the record in
the present case.





[3] Specifically, on appeal,
Modelist makes the following statement: “On about 02 October 2007 during annual
‘Rebirth’ Appellant, was Divinely inspired and directed to become known as
‘Cobneyi’, in all things.  Thereafter, on about 25 October 2007 Appellant,
initiated precepts to facilitate that ‘Rebirth’ which, included renaming real
property.”  





[4] On July 21, 2009,
September 9, 2009, and October 19, 2009, Modelist filed in this court motions
entitled respectively, “Appellant’s Verified Motions; To Strike Appellee’s
Original Petition, Vacate Void Final Judgment And Dismiss Appeal,” “Appellant’s
Second Verified Motions; To Vacate Void Final Judgment And Dismiss Appeal,
Request For Oral Arguments And Reply To Appellee(s) Briefs,” and “Appellant’s
Third Verified Motions; To Vacate Void Judgment And Dismiss Appeal, Request For
Oral Arguments, To Strike Sham Pleadings And Reply To Appellee(s) Briefs,”
which we ordered taken with the case.  Because these motions reiterate the
relief requested in Modelist’s brief, which we have addressed, we overrule the
motions.