# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00281-CV

---

**Wesley Perkins, Appellant**

**v.**

**Southside Wrecker, Inc., Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-007116, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Wesley Perkins, appearing pro se, seeks to appeal the trial court's denial of his "motion for protective order and motion for new trial," which he filed in response to a foreign judgment filed by Southside Wrecker, Inc.[1]

Chapter 35 of the Texas Civil Practice and Remedies Code, also known as the Uniform Enforcement of Foreign Judgments Act (UEFJA), authorizes the enforcement of a foreign judgment in a Texas court. *See* Tex. Civ. Prac. & Rem Code §§ 35.001-.008. A "foreign judgment" is "a judgment, decree, or order of a court of the United States or any other court that is entitled to full faith and credit in this state." *Id.* § 35.001. When a judgment creditor proceeds under the UEFJA, the creditor's filing of the foreign judgment is "both a plaintiff's original

---

[1] The foreign judgment in this case is a judgment entered on April 13, 2021, by the United States Court of Appeals for the Fifth Circuit, Case No. 20-50678. The judgment awards to Southside Wrecker, as sanctions against Perkins, $19,933.04 in attorney's fees and expenses.

petition and a final judgment: the filing initiates the enforcement proceedings, but it also instantly creates a Texas judgment that is enforceable." *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ); *see Valerie Thomas Bahar, M.D., P.A. v. Lyon Fin. Servs*., No. 03-07-00469-CV, 2009 Tex. App. LEXIS 5893, at *4-5 (Tex. App.—Austin Jul.28, 2009, pet. denied) (mem. op.) (explaining that when foreign judgment is filed under UEFJA, "the debtor's position is analogous to that of a person against whom a no-answer default judgment has been rendered"). Any motion to contest the recognition of a foreign judgment filed within thirty days after the judgment is filed operates as a motion for new trial. *Moncrief*, 805 S.W.2d at 23; *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 483 (Tex. App.—Houston [14th Dist.] 2004, pet denied).

The appellate timetables for review of a domesticated judgment begin to run from the date the foreign judgment is filed. *See Valerie Thomas Bahar*, 2009 Tex. App. LEXIS 5893, at *5; *Bancorpsouth Bank v. Prevot*, 256 S.W.3d 719, 728 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Generally, a notice of appeal must be filed within thirty days after the judgment is final. *See* Tex. R. App. P. 26.1 However, the deadline to file a notice of appeal is extended to ninety days when, as relevant here, a timely motion for new trial is filed. *Id.* R. 26.1(a)(1); *see also In re B.L.R.*, 592 S.W.3d 453, 462-63 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (explaining that order denying motion for new trial is not independently appealable).

In this case, Southside Wrecker filed its notice of foreign judgment pursuant to the UEFJA on December 7, 2021. Although Perkins filed a "motion for protective order and motion for new trial," he did not file the motion until April 8, 2022. Because Perkins's motion was untimely, *see* Tex. R. Civ. P. 329b(a) (stating motion for new trial must be filed within thirty days after judgment or order is signed), it did not operate to extend his deadline for filing

2

his notice of appeal, *see* Tex. R.App. P. 26.1(a). As a result, Perkins's notice of appeal was due on January 6, 2022, but was not filed until May 18, 2022. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* Tex. R. App. P. 25.1(b); *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding) (explaining that requirement of timely notice of appeal is jurisdictional); *see also Moreno v. Halperin*, No. 05-20-00858-CV, 2021 Tex. App. LEXIS 9879, at *4 (Tex. App.—Dallas Dec. 14, 2021, pet. denied) (mem. op.) (dismissing appeal from denial of motion to vacate foreign judgment because notice of appeal was untimely).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed: October 27, 2022