Opinion issued November 13, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00467-CV

_____

**JOHN GILBERT, STUART FRED, BELLA VISTA PARTNERSHIP, BOMSADA GROUP, INC., BOMSADA INVESTMENT GROUP II, LLC LAURALIS MANAGEMENT, INC., AND 150 BEE STREET, LLC,** Appellants

**V.**

**THOMAS H. MORGAN, Appellee**

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-18993**

## MEMORANDUM OPINION

This appeal arises from the domestication of a foreign judgment confirming an arbitration award. It also concerns a related enforcement proceeding. Appellants John Gilbert, Stuart Fred, Bella Vista Partnership, Bomsada Group, Inc., Bomsada

Investment Group II, LLC, Lauralis Management, Inc., and 150 Bee Street, LLC (collectively, Gilbert) have filed an unopposed motion stating that the parties agree that a portion of this appeal is now moot and should be dismissed. Appellee Thomas H. Morgan has filed a motion to dismiss the remainder of the appeal for lack of jurisdiction.

We hold that we lack jurisdiction over all parts of this appeal and dismiss it in all things as described below.

## Background

In 2023, after 10 years in arbitration, a South Carolina arbitration panel issued an award in Morgan's favor against Gilbert. Subsequently, a South Carolina circuit court entered a judgment confirming the award. Gilbert appealed, arguing that neither the arbitration panel nor the circuit court had jurisdiction over this matter. The South Carolina Court of Appeals affirmed the circuit court.[1] And the South Carolina Supreme Court denied Gilbert's petition for a writ of certiorari.

In April 2024, Morgan filed the South Carolina judgment in the underlying Texas trial court, along with a notice of domestication of the foreign judgment. Gilbert filed a motion to vacate the judgment. He again argued that the arbitration panel and South Carolina circuit court lacked jurisdiction over this matter because

---

[1] *See Morgan v. Gilbert*, No. 2024-000322, 2025 WL 928676, at * 2 (S.C. Ct. App. Mar. 26, 2025).

Morgan had failed to either join a certain company defendant or bring a proper derivative action.  The trial court denied the motion.  And Gilbert filed the instant appeal (the 2024 appeal).

A year later, in July 2025, Gilbert filed a motion to compel arbitration of the issue of whether Morgan was actually entitled to collect on the judgment and post-judgment interest.  The trial court denied the motion.  And Gilbert filed a second notice of appeal in the instant case (the 2025 appeal).

**Jurisdiction**

*Standard of Review and Overarching Legal Principles*

We are obligated to review issues affecting our jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *see Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) ("[C]ourts always have jurisdiction to determine their own jurisdiction.").  "[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000).  Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The United States Constitution requires that full faith and credit be given in each state to the public acts, records, and judicial proceedings of every other state. *See* U.S. CONST. art. IV, § 1.  In Texas, the enforcement of a foreign judgment is

3

governed by the Uniform Enforcement of Foreign Judgments Act (UEFJA). *See* TEX. CIV. PRAC. & REM. CODE §§ 35.001–.008.

When a judgment creditor files an authenticated copy of a foreign judgment in a Texas court of competent jurisdiction, a prima facie case for enforcement of the judgment is presented. *Cash Reg. Sales & Servs. of Hou., Inc. v. Copelco Cap., Inc.*, 62 S.W.3d 278, 280 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see* TEX. CIV. PRAC. & REM. CODE § 35.003(b) (clerk "shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed"). A properly filed foreign judgment "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM. CODE § 35.003(c).

The filing of a foreign judgment is in the "nature of both a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable." *Counsel Fin. Servs., L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 50 (Tex. App.—San Antonio 2010, pet. denied).

4

The defendant has the burden of collaterally attacking the judgment by establishing a recognized exception to the full faith and credit requirements.[2] *Russo v. Dear*, 105 S.W.3d 43, 46 (Tex. App.—Dallas 2003, pet. denied); *see also Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 483 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (motion contesting enforcement of foreign judgment operates as motion for new trial). A proceeding to enforce a sister state's judgment may not be used to relitigate the merits of the original controversy. *Cash Reg. Sales*, 62 S.W.3d at 281 ("[N]o defense may be set up that goes to the merits of the original controversy.").[3]

## A.    *Mootness*

With respect to Gilbert's 2024 appeal of the trial court's denial of his motion to vacate the domesticated judgment, Gilbert has now filed in this Court an

---

[2]    The following exceptions to full faith and credit are well-established: (1) the judgment is interlocutory; (2) the judgment is subject to modification under the law of the rendering state; (3) the rendering state lacked jurisdiction; (4) the judgment was procured by extrinsic fraud; and (5) the period for enforcing the judgment has expired. *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484–85 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

[3]    Even when a defendant argues a recognized exception to full faith and credit, the exception cannot be recognized by a Texas court if it was fully litigated by the sister state. *Russo v. Dear*, 105 S.W.3d 43, 47 (Tex. App.—Dallas 2003, pet. denied) ("Even if [debtor] had argued in her brief that the Ohio trial court did not have personal jurisdiction over her, she may not raise that argument now in Texas because the Ohio trial court fully and fairly litigated that issue. The Texas court's scope of inquiry into the foreign court's jurisdiction is limited to whether questions of jurisdiction were fully and fairly litigated and finally decided by the sister state, and if so, personal jurisdiction may not be raised again in the Texas Court.").

Unopposed Motion to Sever Issues in the Appeal to Accommodate Dismissal of Moot Issues. The motion states that the parties "have agreed that the 2024 issues before this Court are now moot due to the ruling of the South Carolina Supreme Court." And "[t]hose issues are now ripe for dismissal." Gilbert moves to "sever into a separate appeal number all issues presented by [its] 2024 notice of appeal from the issues presented by [its] 2025 notice of appeal." He states that "[s]everance of these distinct, separately noticed issues will allow for the dismissal of moot claims and allow for all other claims to proceed to the briefing stage."

In his motion, Gilbert certified that he has conferred with Morgan and that Morgan does not oppose the motion. Morgan has not filed any opposition to the motion in this Court. *See* Tex. R. App. P. 10.3.

"A case becomes moot when there ceases to be a justiciable controversy between the parties or when the parties cease to have a legally cognizable interest in the outcome." *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (internal quotations omitted). A case can become moot at any time, including on appeal. *Id.* And "courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman*, 369 S.W.3d at 166–67. We "lack subject-matter jurisdiction to decide a moot controversy." *Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022).

Because the parties agree that "the 2024 issues before this Court are now moot," we lack jurisdiction to decide Gilbert's appeal of the trial court's order denying his motion to vacate the domesticated judgment. *See id*. We therefore dismiss this portion of Gilbert's appeal.[4]

**B.    *Plenary Power***

Morgan has filed a motion to dismiss the remainder of Gilbert's appeal for lack of jurisdiction on the ground that Gilbert "attempt[s] to appeal from the denial of a post-judgment motion to compel arbitration filed a year after the trial court's plenary power expired."

A trial court retains jurisdiction for a minimum of thirty days after it signs a final judgment to vacate, modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(d). A timely filed motion for new trial extends plenary power for 30 days after such motion is overruled by signed order or operation of law, whichever occurs first. *See* TEX. R. CIV. P. 329b(e). A motion to contest recognition of a foreign judgment is "in the nature of a collateral attack" but "operates procedurally as a motion for new trial" for purposes of appellate timetables and the trial court's plenary power over the matter. *Counsel Fin. Servs.*, 311 S.W.3d at 53.

---

[4]    Because we also dismiss the remainder of Gilbert's appeal below, the severance issue is likewise moot.

Generally, once plenary power expires, a trial court lacks jurisdiction to act, and any orders it issues are typically void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). And "[w]hen a trial court acts on a foreign judgment outside of its plenary power, the action is a nullity." *Howell v. Dyck-O'Neal, Inc.*, 682 S.W.3d 906, 908 (Tex. App.—Waco 2023, no pet.).

However, even after its plenary power expires, a trial court "retains statutory and inherent authority to enforce its judgment." *BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 724 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "Unlike plenary power, which generally only lasts for thirty days after final judgment, a trial court's post-judgment enforcement powers can last until the judgment is satisfied." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018).

But a trial court may not issue an order under its enforcement authority that is "inconsistent with the original judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment." *Custom Corps., Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet) (internal quotations omitted). And such post-judgment orders "may properly require performance only of the obligations imposed by the final judgment." *Bank One, N.A. v. Wohlfahrt*, 193 S.W.3d 190, 195 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

8

Here, Morgan filed the South Carolina judgment in the underlying Texas trial court on April 4, 2024.[5]  Gilbert filed a motion to vacate that judgment on April 15, 2024.  And the trial court denied Gilbert's motion on June 4, 2024.

As a result, the trial court's plenary power to vacate, modify, correct, or reform the domesticated judgment expired on July 5, 2024.  *See* TEX. R. CIV. P. 329b(e); *Counsel Fin. Servs.*, 311 S.W.3d at 53.  And thereafter, the trial court retained authority only to enforce that judgment.  *See BancorpSouth Bank*, 256 S.W.3d at 724.

A year later, on July 3, 2025—well after the trial court's plenary power expired—Gilbert filed a motion in the trial court seeking to compel arbitration of "the issue of to whom the awards of damages, costs and fees were awarded in the final arbitration award . . . and the issue of whether any post judgment interest is due under the arbitration award."

Gilbert's untimely post-judgment motion did not revive the trial court's plenary power. *See Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.] 2011, no pet.).[6]  The trial court thus lacked jurisdiction to order the parties back to arbitration to reopen the issue of whether Morgan is actually

---

5       *See* TEX. CIV. PRAC. & REM. CODE § 35.003.

6       *See also Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294–95 (Tex. 2001) ("A party cannot by his own conduct confer jurisdiction on a court when none exists otherwise.").

entitled to collect on the judgment and post-judgment interest—matters already addressed in the South Carolina proceedings.

A proceeding to enforce a sister state's judgment may not be used to relitigate the merits of the original controversy. *See Cash Reg. Sales*, 62 S.W.3d at 281. ("[N]o defense may be set up that goes to the merits of the original controversy."). By initiating the UEFJA proceeding, Morgan's purpose was not to have his rights adjudicated in Texas; he already had them adjudicated in South Carolina. *See Counsel Fin. Servs.*, 311 S.W.3d at 52. Instead, his filing asks only that his judgment be enforced in Texas. *See id.*

And the trial court's enforcement power did not authorize it to make any material changes to the final judgment or to require the performance of obligations beyond those imposed in the judgment. *See Wohlfahrt*, 193 S.W.3d at 195.

Accordingly, the trial court's order denying the motion to compel arbitration is a void order—which we have no jurisdiction to review. *See Guerrero v. Cardenas*, No. 01-20-00045-CV, 2022 WL 210152, at *4 (Tex. App.—Houston [1st Dist.] Jan. 25, 2022, pet. denied) (mem. op.) ("An order entered by a court without plenary power, and thus without jurisdiction to act, is void."). We therefore grant Morgan's motion and dismiss Gilbert's appeal from that order. *See Howell*, 682 S.W.3d at 908 ("The reviewing court has no jurisdiction to address the subsequent appeal from the untimely trial court action on the foreign judgment.").

## Conclusion

For all of the reasons above, we dismiss this appeal in all things for lack of jurisdiction.  We dismiss all other pending motions as moot.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.