**Richard URSO, M.D., Appellant,**

v.

**LYON FINANCIAL SERVICES, INC., Appellee.**

No. 14–00–01339–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 25, 2002.

Kenneth G. Lupo, Houston, for Appellant.

Marc Lance Ellison, Houston, for Appellee.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## OPINION

WANDA McKEE FOWLER, Justice.

This is an interlocutory appeal from an appointment of a receiver based on an "Application for Turnover after Judgment, Appointment of Receiver, Appointment of Master in Chancery." However, rather than attacking the appointment of the receiver, Urso, the appellant, attempts to attack the underlying default judgment. Finding that Urso has not given this court any argument or authority for why the court should not have appointed the receiver, other than grounds that must be raised in a bill of review proceeding, we affirm.

### FACTUAL AND PROCEDURAL SUMMARY

Lyon Financial sued Urso in Minnesota court for deficiencies on a medical equipment lease. Urso did not file an answer in this lawsuit, and on November 2, 1999, the Minnesota court rendered judgment against Urso in the amount of $354,267.55 plus interest. On December 22, 1999, Lyon Financial filed the Minnesota judgment in a Texas court. Under the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), the filing of the Minnesota judgment on December 22, 1999 rendered it a final Texas judgment. Urso did not respond to this filing and, in fact, claims that he did not receive notice of filing.

Several months later, Lyon Financial filed an "Application for Turnover after Judgment, Appointment of Receiver, and Appointment of Master in Chancery." Urso's response to this application, which Urso filed on September 15, 2000, marked his first appearance in either lawsuit. In this response, Urso argued he did not receive notice of the Minnesota suit or the Texas filing to enforce it.[1] In spite of

---

1. Urso contends that he first received notice of the foreign judgment and the Texas suit to

these complaints, that same day, September, 15, 2000, the trial court appointed a receiver. Urso perfected appeal from this order on October 25, 2000.[2] *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(1) (Vernon 1997) (allowing interlocutory appeal from the appointment of a receiver).

On appeal, Urso again claims that he did not receive notice of either suit. He also attacks the authenticity of the Minnesota judgment and contends that it is not final on its face. In his appellate brief, Urso does not attack the appointment of the receiver. However, Urso's notice of appeal recites that he "is appealing from the Order Appointing Receiver and Order of Reference signed by the court on September 15, 2000." We will address two issues raised by Urso's appeal, although not necessarily addressed by Urso: first, whether he has raised sufficient grounds for this court to reverse the appointment of the receiver, and second, whether he can attack the foreign judgment or the Texas judgment in this proceeding.

### DISCUSSION AND HOLDING

#### A. THE APPOINTMENT OF THE RECEIVER.

■ Urso's notice of appeal identifies the order appointing a receiver as the order appealed from; our review is confined to complaints related to that order. *See* Tex.R.App. P. 25.1(d)(2); *Gorham v. Gates*, 82 S.W.3d 359, 363 (Tex.App.-Austin, pet.denied); *Bynog v. Prater*, 60 S.W.3d 310, 314 (Tex.App.-Eastland 2001, pet. denied) (holding that appellant presented nothing for review concerning complaints related to motion to reinstate because notice of appeal designated order of

dismissal as order from which she appealed). This is especially true here, when the vehicle for review is an interlocutory appeal. The legislature has declared that only certain narrow issues may be brought by interlocutory appeal, and an attack on an allegedly void judgment is not one of them. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon 1997); *Diana Rivera & Assocs., P.C. v. Calvillo*, 986 S.W.2d 795, 797 (Tex.App.-Corpus Christi 1999, pet. denied). Since Urso has presented us with neither argument nor authority for why the receiver should not have been appointed, he has presented nothing for our review on this issue. *See* Tex.R.App. P. 38.1(h).

#### B. URSO'S ATTACK ON THE TEXAS JUDGMENT AND THE FOREIGN DEFAULT JUDGMENT.

■ Even though Urso has not attacked the appointment of the receiver here on appeal, his argument below was that there should be no receiver because the underlying foreign judgment was void. He raises this argument—that the underlying foreign judgment was void—again on appeal without connecting it to the appointment of the receiver. In essence, he wants this court to go behind the appointment of the receiver and set aside the judgment itself. As we explain below, in this forum we cannot do that. In order to understand why we cannot address his attack on the allegedly void judgment, we must briefly review the rules concerning the enforcement of foreign judgments as well as our state's procedural rules regarding attacks on allegedly void judgments. We turn first to the enforcement of foreign judgments.

enforce it when he was served with a writ of execution.

2. Normally, a notice of appeal on an interlocutory appeal must be filed within 20 days of the order. *See* Tex.R.App. P. 26.1(b), 28.1.

Although this notice of appeal was filed beyond that deadline, Urso requested, and was granted, an extension of time in which to file his notice of appeal.

■ The United States Constitution requires that a final judgment of a sister state be given the same force and effect it would be entitled to in the rendering state. U.S. CONST. art. IV, § 1. A properly filed foreign judgment has the effect of initiating an enforcement proceeding and instantly rendering a valid Texas judgment. *Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex.1996). A foreign judgment is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing or satisfying as a judgment of the rendering court. TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(c) (Vernon 1997).

■ In addition, Texas case law has compared the filing of a foreign judgment under section 35.003 to the entry of a no-answer default judgment, for the debtor does not have an opportunity to defend himself before the judgment is considered final, *Moncrief v. Harvey*, 805 S.W.2d 20, 22–23 (Tex. App–Dallas 1991, no writ), and has held that our appellate timetables apply to a foreign judgment filed in Texas. *Id.* at 22–25; *Wu*, 920 S.W.2d at 286; *Harbison–Fischer Mfg. Co., Inc. v. Mohawk Data Sciences Corp.*, 823 S.W.2d 679, 682 (Tex.App.-Fort Worth 1991), *judgment set aside by agr.*, 840 S.W.2d 383 (Tex.1992).

Applying this general law to this specific case, when Lyon Financial filed its petition and judgment under the UEFJA, it became a final Texas judgment on December 22, 1999. *See Wu*, 920 S.W.2d at 286.

Beginning on December 22, Urso had 30 days to move for a new trial or otherwise attack the judgment. *See Moncrief*, 805 S.W.2d at 22–23; TEX.R. CIV. P. 329b(a). If Urso had filed a motion for new trial, the court would have had authority to set aside the judgment until 30 days after the motion for new trial was overruled (either by law—a total of 75 days—or by the court).[3] *See* TEX.R. CIV. P. 329b(c), (e). Once the trial court's plenary jurisdiction expired, the trial court could set aside the judgment only with a timely filed bill of review. TEX.R. CIV. P. 329b(f).[4] The applicable procedural rule, Rule 329b(f), states this very directly: "On expiration of the time in which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law . . . ." *Id.*

■■ The Texas Supreme Court said it a slightly different way: "[W]e construe the . . . provision of Rule 329–b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it." *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961). "Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process."[5] *Id.* (Justice

---

**3.** Or, if Urso had not learned of the judgment filing within this period, but learned of it within ninety days, he had an additional thirty days from his notice date to attack the judgment. *See* TEX.R. CIV. P. 306a(4).

**4.** Within six months after the judgment was filed on December 22, Urso could have filed a restricted appeal, TEX.R.APP. P. 26.1(c), but this would have by-passed the trial court and gone directly to the court of appeals. And, in any event, when Urso appeared in the case on

September 15, 1999, the time for a restricted appeal had passed.

**5.** This is in contrast with a case over which the court had no subject matter jurisdiction or no jurisdictional power, such as if a county criminal court at law, which is empowered to hear only misdemeanor cases, hears a felony case (no subject matter jurisdiction) or if a default judgment is rendered after a case has been removed to federal court (no jurisdictional power). *Id.* at 710–11.

Calvert writing for the court and construing former Rule 329–b).

In short, then, in September of 1999, nine months after the Minnesota judgment became a valid Texas judgment, Urso's only method of attacking the judgment was by a bill of review. *See* Tex.R. Civ. P. 329b(f); *Baker v. Goldsmith*, 582 S.W.2d 404, 406–08 (Tex.1979) (stating that a bill of review is an independent equitable action brought to set aside a judgment that is no longer appealable or subject to motion for new trial).

 We also note, in the event Urso is attempting to make this argument, that we cannot construe his response to the application for turnover as a bill of review. A bill of review is a new suit filed in the same court rendering the original judgment. *Goldsmith*, 582 S.W.2d at 408 (outlining the proper procedures of a bill of review proceeding). The petition must be verified and must ordinarily allege factually and with particularity that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party unmixed with his own negligence, and must allege with particularity sworn facts sufficient to constitute a meritorious defense. *Id.* However, if the bill of review petitioner establishes lack of proper service, a party is not required to plead or prove due diligence, *Texas Indus., Inc. v. Sanchez*, 525 S.W.2d 870, 871 (Tex.1975), or a meritorious defense. *Peralta v. Heights Med. Ctr.*, 485 U.S. 80, 85–86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (holding that Texas bill of review procedure, which required a showing of a meritorious defense even when the defendant receives no notice of suit, violated the due process clause); *Goldsmith*, 582 S.W.2d at 408.

At this juncture, Urso can attack the judgment(s) only by a bill of review. *See Goldsmith*, 582 S.W.2d at 408. Moreover, we cannot consider Urso's response to the

application for turnover as a bill of review because it does not meet two primary criteria for a bill of review: (1) a verified, (2) new, independent suit. *See id.; McEwen v. Harrison*, 345 S.W.2d at 710.

## CONCLUSION

In summary, because Urso has raised no grounds for why the court should not have appointed the receiver—other than grounds that must be raised in a bill of review proceeding—we affirm the order of the trial court.