# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00080-CV

**In re Michael Wayne Bohannan**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

In 1995, Michael Wayne Bohannan sued the Texas Board of Criminal Justice and the Texas Department of Criminal Justice in the 345th Judicial District Court of Travis County, cause number 95-00141. In his suit, Bohannan contended that the defendants had unlawfully instituted a policy by which good time credit earned by Bohannan prior to his release on mandatory supervision was not restored following the revocation of supervision and his return to prison. The district court dismissed Bohannan's suit as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West 2002).

Bohannan appealed the dismissal to this Court. *See Bohannan v. Texas Bd. of Criminal Justice*, 942 S.W.2d 113 (Tex. App.—Austin 1997, writ denied). We agreed with the district court that several of Bohannan's claims were frivolous, but we concluded that Bohannan's claim that the Board exceeded its statutory authority and divested him of a vested property right was not. *Id*. at 117-20. Therefore, we reversed the dismissal of that portion of Bohannan's cause,

severed it, and remanded it to the district court for further proceedings. *Id*. at 120. We affirmed the dismissal in all other regards. *Id*.

In this mandamus action, Bohannan complains that the district court did not afford him the "further proceedings" to which he was entitled. In his mandamus petition, he describes what happened following remand:

> Bohannan, on remand, again sought discovery from Defendants and supplemented his motion to enforce that discovery. Bohannan, and Defendants, filed Motions for Summary Judgment. Bohannan repeatedly wrote letters to the court's coordinator requesting hearings on his outstanding motions and addressing his need for a bench warrant to appear at said hearings. The trial court allegedly set no fewer than four hearing dates with notice made. Defendants moved for a continuance for one hearing only. Bohannan never moved for a continuance yet no hearing was ever held. Bohannan, repeatedly, for the next ten years, notified the court of his address changes and of his desire to have the pleadings heard.

In November 2007, Bohannan was notified by the district clerk that his cause had been dismissed for want of prosecution in a blanket order signed on September 5, 2006. Bohannan states that he was not given notice that his cause had been moved to the dismissal docket and that he was not notified of the dismissal until November 2007.

Because the time within which the district court has plenary power has expired, the judgment of dismissal cannot be set aside except by bill of review for sufficient cause. *See* Tex. R. Civ. P. 329b(f); *also see Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985). A bill of review is an independent equitable action brought by a party to a previous suit who seeks to set aside a judgment that is no longer subject to a motion for new trial or appealable. *Wembley Inv. Co. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999). A bill of review is the proper method by which

2

a party may attack the dismissal of its cause for want of prosecution without proper notice. *General Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 944 (Tex. 1991).

A bill of review is a new action that is commenced by an original petition filed in the trial court that rendered the judgment in question. *Urso v. Lyon Fin, Serv., Inc.*, 93 S.W.3d 276, 280 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The person bringing the action is the plaintiff, and proper service of citation must be made on the other original party or parties, who must defend the bill of review proceeding. *See Transworld Fin. Serv. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987). The petition must be verified and, if the petition is based on lack of proper service, the petition need allege only the facts showing the failure of service. *See Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004). When a bill of review plaintiff claims lack of service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense; (2) hold a trial at which the bill of review plaintiff assumes the burden of proving that he was not served with process, thereby conclusively establishing a lack of fault or negligence on his part; and (3) conditioned on an affirmative finding that the bill of review plaintiff was not served, allow the parties to revert to their original status with the burden on the original plaintiff to prove his or her case. *Id*. at 97-98.

The petition for writ of mandamus is denied without prejudice to Bohannan's right to bring a bill of review action to set aside the dismissal of his original lawsuit.

_____

Diane Henson, Justice

Before Justices Patterson, Puryear and Henson

Filed:   February 28, 2008

3