Opinion issued June 3, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00402-CV

———————————

Koenning, Inc. and Diesel Injection Sales and Service, Inc., Appellants

V.

Lease
Corporation of America, Appellee



 



 

On Appeal from the County Civil Court at Law No. 1 

Harris County, Texas



Trial Court Case No. 909126

 



 

MEMORANDUM OPINION

Appellee, Lease Corporation of America (LCA), filed a
motion to dismiss this appeal for lack of jurisdiction on February 24,
2010.  More than ten days have elapsed,
and no objection has been filed.  No
opinion has been issued.  LCA argues that
appellants Koenning, Inc. and Diesel Injection Sales and Service, Inc.
(collectively, Koenning) did not timely file their notice of appeal.

On December 5, 2007, judgment was entered against Koenning
when LCA filed its Notice of Filing Foreign Judgment in compliance with the
Uniform Enforcement of Foreign Judgments Act.[1]  See
Walnut Equip. Leas. Co. v. Wu, 920 S.W.2d 285, 286 (Tex. 1996) (holding
that filing of Notice of Filing Foreign Judgment operates as plaintiff’s
original petition and trial court’s final judgment); see also Tex. Civ. Prac.
& Rem. Code Ann. § 35.003(c) (Vernon 2008) (providing that “filed
foreign judgment has the same effect and is subject to the same procedures,
defenses, and proceedings for reopening, vacating, staying, enforcing, or
satisfying a judgment as a judgment of the court in which it is filed”).  

On January 3, 2008, Koenning filed a “Motion to Transfer
Venue, Motion to Vacate Judgment, Motion for Non Recognition of Foreign
Judgment,” which operated as a motion for new trial.  Moncrief
v. Harvey, 805 S.W.2d 20, 24 (Tex. App.—Dallas 1991, no writ) (holding that
timely post-judgment motion will extend trial court’s plenary jurisdiction over
foreign judgment).  Thus, Koenning’s
deadline to file a notice of appeal was ninety days after the date of the
judgment, or March 5, 2008.  See Tex.
R. App. P. 26.1(a)(1); see also
Urso v. Lyon Fin. Servs., Inc., 93
S.W.3d 276, 279 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding that
Texas appellate timetables apply to foreign judgment).  Koenning did not file its notice of appeal
until May 12, 2008, which was sixty-eight days after the deadline to file a
notice of appeal and fifty-three days after the deadline for filing a motion to
extend time to file the notice of appeal. 
See Tex. R. App. P. 26.3 (providing that appellate court may
extend time to file notice of appeal if, within fifteen days after deadline for
filing notice of appeal, appellant files notice of appeal in trial court and
files motion to extend time in appellate court).

Accordingly, LCA’s motion to dismiss is granted, and the
appeal is dismissed for want of
jurisdiction.  See Tex. R. App. P.
42.3(a) (authorizing dismissal for want of jurisdiction on any party’s motion);
see also Tex. R. App. P. 25.1(b) (providing that filing of notice of
appeal invokes jurisdiction of appellate court).  Any other pending motions are dismissed as
moot.

The Clerk is directed to issue mandate within ten days of the
date of this opinion.  Tex. R. App. P. 18.1.

PER CURIAM

 

Panel
consists of Justices Keyes, Hanks, and Higley.











[1]           See
Tex. Civ. Prac. & Rem. Code Ann.
§§ 35.001–35.008 (Vernon 2008).