**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER ON MOTION FOR REHEARING

Appellate case name:        Robert Lee Lyles v. The State of Texas

Appellate case number:    01-14-00859-CV

Trial court case number:   2009-63597

Trial court:                 151st Judicial District Court of Harris County

The panel has voted to deny appellant's motion for rehearing.[1]

It is ordered that the motion for rehearing is **denied**.

Judge's signature: /s/ Laura C. Higley
                      ☐ Acting individually    ☑ Acting for the Court

Panel consists of:  Justices Keyes, Higley, and Brown

Date: April 14, 2015

---

[1]    Because appellant is *pro se*, we note that none of the cases in appellant's motion address his situation here where his untimely notice of appeal deprived this Court of jurisdiction to consider the merits of his appeal, and we clarify that our memo opinion noted he must file a bill of review in the trial court, not here. After the trial court's plenary power expired, appellant's only legal recourse is to file "[a] bill of review [which] is a new suit filed in the same court rendering the original judgment." *Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 280 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citation omitted). Generally, a bill-of-review plaintiff must file his claim within four years of rendition of the judgment he attacks. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). Thus, appellant still has an available remedy by filing a bill of review in the trial court until four years after the October 4, 2013 final judgment, where he can try to prove lack of timely service of that judgment and, if unsatisfied, can then appeal any adverse bill-of-review decision to this Court.