Opinion issued October 13, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00341-CV

———————————

## ELIZABETH A. LOUSTEAU AND BRETT CLANTON, Appellants

## V.

## JAIME L. NORIEGA AND SONIA A. NORIEGA, Appellees

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2013-35448

## MEMORANDUM OPINION

Appellants, Elizabeth A. Loustea and Brett Clanton, have filed a notice of appeal, attempting to challenge the trial court's December 22, 2014 interlocutory judgment entered in favor of appellees Jaime L. Noriega and Sonia A. Noriega;

February 13, 2015 consolidation and severance orders; and March 11, 2015 order vacating, in part, the February 13, 2015 severance order. We dismiss the appeal for want of jurisdiction.[1]

In June 2013, in trial court cause number 2013-35448, appellants filed suit against appellees for trespass and nuisance, alleging that water runoff from a structure on appellees' property, the "Goldenrod property," caused flooding that had damaged appellants' property. After the trial court signed a default judgment in their favor, appellants obtained a writ of execution on the Goldenrod property and purchased it at a constable's sale.

In March 2014, in trial court cause number 2014-14152, appellees filed a petition for a bill of review and application for injunctive relief, asserting that they had not been served with appellants' 2013 lawsuit and requesting that the trial court vacate the default judgment rendered against them and "take actions required to return" the Goldenrod property to them.[2] By amended and supplemental

---

[1]   Documents relevant to the trial court proceedings underlying this appeal are included in the clerk's record and supplemental clerk's records filed in this Court's Cause No. 01-15-00254-CV, *Elizabeth A. Loustea and Brett Clanton v. Jaime L. Noriega and Sonia A. Noriega*. We may take judicial notice of our own records involving the same parties and subject matter. *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Office of Pub. Util. Counsel v. Pub. Util. Comm'n*, 878 S.W.2d 598, 600 (Tex. 1994)).

[2]   "A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999); *see Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 280 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing

petitions, appellees sought a declaration that the Goldenrod property is their homestead, damages for appellants' allegedly wrongful execution, and attorney's fees. On November 7, 2014, the trial court signed an order setting aside the default judgment in cause number 2013-35448 and releasing monies in the registry of the court to appellees. On December 22, 2014, the trial court signed an "Interlocutory Judgment," in which it set aside the constable's deed for the Goldenrod property, restored property rights in the Goldenrod property to appellees, and ordered appellants to turn over possession of the property to appellees. It further ordered that appellees take nothing on their claim for attorney's fees. In the December 22, 2014 interlocutory judgment, the trial court also stated that, to the extent the relief granted in the November 7, 2014 order was not clear, "the same is hereby ORDERED, ADJUDGED and DECREED."

On February 13, 2015, the trial court signed two additional orders. In the first order, the trial court consolidated trial court cause numbers 2014-14152 and 2013-35448 under trial court cause number 2013-35448. In the second order, the trial court severed appellees' "causes of action for Bill of Review and Declaratory Judgment, as adjudicated in the Court's December 22, 2014 Interlocutory Judgment," into a new cause and directed the trial court clerk to docket the new

_Baker v. Goldsmith_, 582 S.W.2d 404, 408 (Tex. 1979)) (stating bill of review is "a new suit" filed in same court that rendered original judgment).

cause under trial court cause number 2013-35448-B. The trial court also stated that the order "immediately ma[d]e the Court's December 22, 2014 Interlocutory Judgment in 2014-14152 into a final, appealable Judgment disposing of all claims and all parties in that newly severed cause, 2013-25448-B."

On March 11, 2015, the trial court signed, in the severed cause, an order vacating in part the February 13, 2015 order "only insofar as it severed the Bill of Review cause of action from the main (2013-35448) case." The trial court, in the March 11, 2015 order, additionally stated:

> The Court's February 13, 2015 Order is hereby UNCHANGED as to the declaratory judgment cause of action that was tried in 2014-14152 and then consolidated into 2013-35448. The Court's judgment on that cause of action remains final and appealable from within 2013-35448-B.
>
> To be clear, by vacating the February 13, 2015 Order in part, it is the Court's intent and Order that the Bill of Review cause of action is now *consolidated* back into the 2013-35448 main case where it will sit until it is made part of a final judgment in that case on the remaining issues therein, or until further order of this Court.

On March 16, 2015, appellants filed in trial court cause numbers 2013-35448 and 2013-35448-B their notices of appeal of the (1) December 22, 2014 interlocutory judgment; (2) the February 13, 2015 consolidation and severance orders; and (3) the March 11, 2015 order vacating in part the February 13, 2015 order. After receiving the notices of appeal, the Clerk of this Court docketed the appeal from trial court cause number 2013-35448 as appellate Cause

4

No. 01-15-00341-CV and the appeal from trial court cause number 2013-35448-B as appellate Cause No. 01-15-00254-CV. *See* TEX. R. APP. P. 12.1, 12.2.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Aldridge*, 400 S.W.2d at 895. Here, the record does not reflect that the trial court has rendered a final judgment in trial court cause number 2013-35448. Rather, the record reflects that, appellees' wrongful execution claim and bill of review proceeding remain pending in that cause number.

On July 16, 2015, we notified appellants that this appeal was subject to dismissal for want of jurisdiction unless they filed a written response showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a). Appellants responded that "the final, appealable judgment is currently in the Severed Lawsuit," and they filed a notice of appeal in this cause "in an abundance of caution." They assert that the December 22, 2014 interlocutory judgment "should have been a final Judgment" and the notice of appeal should have been filed in trial court cause number 2014-14152.

The record, however, lacks any indicia that the trial court has rendered a final judgment in the cause underlying this appeal, trial court cause number

5

2013-35448. The December 22, 2014 order is titled "Interlocutory Judgment," states that the trial court tried "the limited issue" of whether the Goldenrod property was appellees' homestead and "enter[ed] a partial judgment" in appellees' favor, and indicates that appellees' wrongful eviction claim remains pending. Additionally, the record filed in this Court does not reflect that the trial court has disposed of appellees' bill-of-review proceeding. Although the trial court set aside the default judgment rendered against appellees, the record does not reflect that the trial court has addressed the merits of appellants' original claims against appellees, as required in a bill of review proceeding. *See Xiaodong Li v. DDX Group Inv., LLC*, 404 S.W.3d 58, 62 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (quoting *Shahbaz v. Feizy Import & Export Co.*, 827 S.W.2d 63, 64 (Tex. App.—Houston [1st Dist.] 1992, no writ)) ("'The final judgment in a bill of review action should either deny any relief to the petitioner or grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy.'"); *see also Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) ("A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable.").

Accordingly, we conclude that this Court does not have jurisdiction over this attempted appeal, and we dismiss the appeal for want of jurisdiction. We also

6

dismiss as moot all pending motions in this appeal, including appellants' motions to consolidate this appeal with the appeal in Cause No. 01-15-00254-CV, and extend the time to file their brief in this appeal.

**PER CURIAM**


Panel consists of Justices Jennings, Higley, and Brown.