

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00321-CV
_____

**KELLY ANN O'SHEA, INDIVIDUALLY AND AS CO-TRUSTEE
OF THE MARITAL DEDUCTION TRUST AND FAMILY TRUST
OF JOHN JOSEPH CONNOR O'SHEA, APPELLANT**

**V.**

**KATHLEEN M. O'SHEA, INDIVIDUALLY AND AS CO-EXECUTOR OF THE ESTATE
OF RITA O'SHEA, CO-TRUSTEE OF THE MARITAL DEDUCTION TRUST AND
FAMILY TRUST OF JOHN J.C. O'SHEA, JR., & MANAGER/DIRECTOR OF BREHON
LC, BRIAN CONNOR O'SHEA, INDIVUDUALLY AND AS CO-EXECUTOR OF THE
ESTATE OF RITA O'SHEA, CO-TRUSTEE OF THE MARITAL DEDUCTION TRUST
AND FAMILY TRUST OF JOHN J.C. O'SHEA, JR., JOHN J.C. O'SHEA III,
INDIVIDUALLY AND AS CO-TRUSTEE OF THE MARITAL DEDUCTION TRUST
AND FAMILY TRUST OF JOHN J.C. O'SHEA, JR., AND BREHON LC, APPELLEES**

_____

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2014-513,113-B; Honorable Leslie Hatch, Presiding

_____

August 17, 2018

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

This is an appeal of an order dismissing a bill of review proceeding brought by

Appellant, Kelly Ann O'Shea, individually and as co-trustee of the Marital Deduction Trust

and Family Trust of John Joseph Connor O'Shea, seeking to set aside portions of a final judgment issued in a previous court proceeding (Cause Number 2009-549,465, in the 237th District Court of Lubbock County, Texas), involving the same parties and concerning similar claims that were litigated in that prior proceeding regarding allegations of fraud, conversion of assets, and breach of fiduciary duties owed to Kelly by Appellees, Kathleen M. O'Shea, individually and as co-executor of the estate of Rita O'Shea, co-trustee of the Marital Deduction Trust and Family Trust of John J.C. O'Shea, Jr., and manager/director of Brehon LC; Brian Connor O'Shea, individually and as co-executor of the estate of Rita O'Shea, co-trustee of the Marital Deduction Trust and Family Trust of John J.C. O'Shea, Jr.; John J.C. O'Shea III, individually and as co-trustee of the Marital Deduction Trust and Family Trust of John J.C. O'Shea, Jr.; and Brehon LC.  By two issues, Kelly contends the trial court erred by (1) granting a motion to dismiss her equitable bill of review pursuant to precedent articulated in *Baker v. Goldsmith*, 582 S.W.3d 404 (Tex. 1979), and (2) denying her demand for payment of attorney's fees and litigation expenses.  We affirm.

BACKGROUND

The issues in this appeal arise out of transactions relating to two testamentary trusts (a "Marital Deduction Trust" and a "Family Trust") created by the last will and testament of John J.C. "Rusty" O'Shea, Jr. upon his death in 1996.  At the time of Rusty's death, he was survived by his wife, Rita O'Shea, and four children: Kelly, Kathleen, Brian, and John.  Rita was the sole beneficiary of the Marital Deduction Trust during her lifetime.  Upon her death, the Marital Deduction Trust was to be distributed to Rusty's descendants.  Rita was the primary beneficiary of the Family Trust during her lifetime, with the remaining

trust assets also being distributed to Rusty's descendants upon her death. Rita passed away in 2013.

During Rita's lifetime, several disputes arose between Kelly and the other parties regarding management of trust assets. While those claims involved multiple lawsuits based upon a myriad of legal theories, the overarching complaint was a general allegation of breach of fiduciary duty and fraud involving (1) Brehon, LC, (2) Scopey, Inc., and (3) various monetary transfers made by Rita. In a petition filed October 19, 2009, in Cause Number 2009-549,465, in the 237th District Court in and for Lubbock County, Kelly brought suit against Rita for breach of fiduciary duty, fraud, and conversion. In addition to monetary damages, Kelly sought the removal of Rita as a co-trustee of the Marital Deduction Trust and Family Trust. That proceeding resulted in a judgment, which was entered on December 13, 2010, in favor of Rita as to all claims and causes of action.

The judgment entered in the 2009 litigation was then affirmed by this court in 2012. *See Duncan v. O'Shea,* No. 07-11-00088-CV, 2012 Tex. App. LEXIS 6494 (Tex. App.—Amarillo Aug. 7, 2012, no pet.) (mem. op.).[1] As the appellant in that cause, Kelly did not file a motion for rehearing or seek a review of this court's decision by the Texas Supreme Court. It is that judgment which Kelly sought to set aside by the bill of review proceeding filed in 2014.

On August 15, 2016, following what the parties described as a "*Baker v. Goldsmith* hearing,"[2] the trial court dismissed Kelly's petition for bill of review as being barred as a matter of law. The trial court also severed Kelly's remaining claims and assigned those

---

[1] Appellant, Kelly Ann O'Shea, was formerly known as Kelly Ann O'Shea Duncan.
[2] *See Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979) (setting forth the essential elements of a bill of review proceeding).

claims a new cause number. Kelly timely filed a notice of appeal pertaining to the denial of the bill of review and subsequently dismissed the severed claims without prejudice.

BILL OF REVIEW

A bill of review is an independent equitable cause of action brought by a party to a former action seeking to set aside a judgment which is not void on the face of the record and is no longer appealable or subject to challenge by a motion for new trial or appeal. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). It is a separate and independent suit, brought in the same court that entered the judgment being attacked. The remedy afforded by a bill of review is equitable in nature and it is intended to prevent manifest injustice. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998); *French v. Brown,* 424 S.W.2d 893, 895 (Tex. 1967). The mere fact that an injustice has occurred is not, however, a sufficient reason alone to justify its use. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999).

A bill of review is a new and independent cause of action that is commenced by the filing of an original petition in the trial court that rendered the judgment in question. *Urso v. Lyon Financial Services, Inc.*, 93 S.W.3d 276, 280 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In order to be successful upon a bill of review, the petitioner must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment,[3] (2) which the petitioner was prevented from making by fraud, accident, or

---

[3] As stated above, Kelly is in the unusual position of attacking a judgment in a cause of action where, not only was she the plaintiff, she participated in the proceeding through an appeal to this court. Rather than establish a meritorious defense to the challenged judgment, Kelly seeks to establish a meritorious claim she contends she was prevented from presenting in the previous lawsuit. *See King Ranch, Inc.*, 118 S.W.3d at 751 (holding that a bill of review is proper where, "through no fault of the bill's proponent, fraud, accident, or mistake precludes presentation of a meritorious claim . . . .").

4

wrongful act of the opposing party, (3) unmixed with any fault or negligence of the petitioner. *King Ranch, Inc.*, 118 S.W.3d at 752; *Baker,* 582 S.W.2d at 406-07 (citing *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)). Courts have narrowly construed the grounds on which a petitioner may obtain a bill or review due to Texas's fundamental public policy favoring the finality of judgments. *Mabon Ltd. v. Afri-Carib Enters.,* 369 S.W.3d 809, 812 (Tex. 2012); *King Ranch, Inc.*, 118 S.W.3d at 751. Therefore, a bill of review seeking relief from an otherwise final judgment is to be scrutinized by courts of equity "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Montgomery v. Kennedy,* 669 S.W.2d 309, 312 (Tex. 1984) (quoting *Hagedorn,* 226 S.W.2d at 998).

While courts have cautiously decided bill of review requests, they have consistently recognized that a judgment obtained by fraud will justify a bill of review to set it aside. *Montgomery,* 669 S.W.2d at 312. In that regard, courts have classified fraud as either "intrinsic" or "extrinsic," with extrinsic fraud being the only type of fraud that would entitle a petitioner to bill of review relief. *Hagedorn*, 226 S.W.2d at 1001. Extrinsic fraud is that species of deceptive conduct which denies a losing litigant  the opportunity to fully litigate her claims or defenses during the trial leading to the judgment under attack. *Id.* "Extrinsic fraud is 'collateral' fraud in the sense that it must be collateral to the matter actually tried and not something which was actually or potentially in issue in the trial." *Montgomery*, 669 S.W.2d at 312. Essentially, extrinsic fraud prevents a meaningful trial upon the merits. Intrinsic fraud, on the other hand, is deceptive conduct which has or could have been considered and determined in the previous trial "where the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were,

5

or could have been litigated therein." *Id.* at 313 (quoting *Mills v. Baird, 147 S.W.2d 312, 316* (Tex. Civ. App.—Austin 1941, writ ref'd)).

Intrinsic fraud includes such things as fraudulent instruments, perjured testimony, or any other matter which was actually presented to and considered by the trial court in rendering the judgment being attacked. *Montgomery,* 669 S.W.2d at 313. Accordingly, alleged perjury associated with a contested issue in the earlier trial, which the opposing party had an opportunity to confront and rebut, is intrinsic fraud. *Id.*

ANALYSIS

Typically, a bill of review is used to collaterally attack a default judgment that has become final and is no longer appealable. In this case, however, Kelly seeks to set aside a judgment that was entered in 2009, in a proceeding in which she fully participated, which was subsequently affirmed on appeal in 2012. In support of the relief she seeks, Kelly contends perjury and the failure to disclose material information relevant to the assets of the Marital Deduction Trust and Family Trust constitute extrinsic fraud, entitling her to a new trial, because those acts denied her the opportunity to fully litigate her claims during the 2009 litigation. Specifically, she alleges fraud with respect to three general categories: (1) Brehon, LC, (2) Scopey, Inc., and (3) Rita's mishandling of trust funds.

In response, Kathleen, Brian, and John contend the trial court properly dismissed Kelly's bill of review because she failed to show a meritorious claim, any claim made was barred by limitations, and her claims were not preserved for appeal. They further contend the trial court's denial of her claim for attorney's fees and expenses is not a matter properly before this court because those claims, if any, were severed from Kelly's petition for bill of review and were the subject of the proceeding subsequently dismissed by her.

6

BREHON, LC

One of the issues raised by Kelly in this bill of review proceeding pertains to dealings involving Brehon, LC, an entity whose only substantial asset was land and a barn where Kathleen ran a riding and stable operation. Kathleen purchased Brehon, LC from Rita and the Marital Deduction Trust (one-half from each party). In the 2009 lawsuit, Kelly claimed the transfer was improper because it was the product of Rita's breach of a fiduciary duty or fraud, as evidenced by the fact that the sales price was for less than the property's fair market value. On appeal of the judgment entered in the 2009 lawsuit, this court addressed that issue when it affirmed the trial court's judgment because Kelly failed to preserve a complaint for appellate review by failing to obtain an express or implicit ruling on the issues of breach of fiduciary duty or fraud. In the opinion issued in that cause, we did not address Rita's affirmative defense of statute of limitations. In her bill of review lawsuit, Kelly contends the transfer occurred within the four-year statute of limitations period and that she was prevented from establishing that fact by the fraudulent testimony of Rita and Kathleen. Because limitations was not the basis of our decision, any fraud in connection with actual date of transfer would be non-determinative. Furthermore, because the issues pertaining to Brehon, LC were litigated in the prior proceeding, any fraud resulting from Rita's or Kathleen's alleged perjury or fraud would have been intrinsic fraud, not authorizing equitable bill of review relief.

SCOPEY, INC.

Another issue raised by Kelly in her petition for bill of review was Rita's investment in Scopey, Inc. In the 2009 lawsuit, Kelly maintained the investment was impermissible under the terms of the Marital Deduction Trust. Contrary to Kelly's position, this court held that the provisions of the trust expressly authorized Rita, as Trustee, "[t]o invest and

7

reinvest [Rusty's] estate and each of the trust estates in any kind of property whatsoever, real or personal . . . whether or not productive of income." In her bill of review lawsuit, Kelly contends the trial court erroneously found that the transfer of assets to Scopey, Inc. was an investment rather than a distribution based on Rita's perjured testimony. Regardless of whether the transfer was an investment or a distribution, the underlying facts of the Scopey, Inc. transaction were litigated in the 2009 lawsuit. Once again, any fraud or perjury associated with that particular transaction would have been intrinsic fraud since Kelly had the opportunity to fully litigate those issues in the earlier proceeding. Where a bill-of-review petitioner's prior pleading shows the alleged specific fraudulent acts were known and in issue in the prior suit, the fraud is intrinsic. *Montgomery,* 669 S.W.2d at 314.

MISUSE OF TRUST FUNDS

Finally, Kelly contends Rita breached her fiduciary duty by improperly transferring trust assets and by failing to make full disclosures to the trust beneficiaries. Kelly maintains that Rita perjured herself when she testified in the 2009 lawsuit that she only made authorized transfers. As a sub-issue, Kelly contends the trial court erred in dismissing her bill of review without allowing her full discovery of evidence necessary to support her claim. In support of her argument, Kelly contends the trial court erred when it denied discovery relating to documents produced prior to the judgment entered in the 2009 lawsuit, i.e., December 13, 2010. She further references the numerous discovery requests made during the 2009 litigation.

As to the sub-issue concerning discovery, Kelly has failed to preserve any error. First, as an appellant, Kelly has failed to bring before this court the record of any hearing before the trial court. Secondly, the only record reference cited in Kelly's brief is a

8

reference to a *Motion to Reconsider Letter Ruling of July 5, 2016,* wherein Kelly asked the trial court to reconsider its decision to delay "formal discovery" until after she was given the opportunity to replead and respond to the defendant's motion to dismiss.  No where does Kelly present any manner of offer of proof or bill of exceptions to enlighten the court as to just what discovery was reasonable and necessary.  In an appeal from a discovery or evidentiary ruling, the appellant must preserve error by presenting a "timely request, objection, or motion," setting forth the basis of the objection and obtaining a ruling from the trial court.  TEX. R. APP. P. 33.1.  In the absence of such a request and ruling, Kelly has waived any argument pertaining to the denial of discovery.

Concerning Kelly's general complaint about the misuse of trust assets, she contends Rita perjured herself when she testified concerning distributions from the trust made in 2009 and 2010.  Kelly contends those distributions were in violation of Rita's fiduciary duty because they were counter to the provisions of the Marital Deduction Trust and Family Trust.  Again, any testimony given in the 2009 trial was subject to cross-examination and rebuttal.  As such, the perjury, if any, would have been considered to be intrinsic fraud, not authorizing equitable relief by way of a bill of review.  Based on the above and foregoing, issue one is overruled.

EXHAUSTION OF REMEDIES

Furthermore, where the judgment the petitioner seeks to set aside has been the subject of a prior appeal, the petitioner must show that she exercised due diligence to assert every legal remedy available before filing a bill of review.  *See Caldwell*, 975 S.W.2d at 537.  Accordingly, a party who has permitted a judgment to become final without invoking every legal remedy available is not entitled to relief unless an adequate explanation is advanced for ignoring the remedy available.  *French*, 424 S.W.2d at 895;

9

*Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293-95 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (party permitting judgment to become final without pursuing appellate remedy cannot seek relief by bill of review without providing adequate explanation for failure to appeal). This is true even if the failure to appeal resulted from the negligence or mistake of the party's attorney. *Id.* at 293.

Here, Kelly participated in the 2009 trial and the subsequent appeal. Following the issuance of our judgment on appeal, Kelly never filed a motion for rehearing, nor did she pursue further relief by filing a petition for review with the Texas Supreme Court. Furthermore, she has offered no explanation whatsoever to explain why she failed to pursue these available remedies. For this additional reason, issue number one is overruled.

ATTORNEY'S FEES

By her second issue, Kelly contends the trial court erred by denying her demand for payment of attorney's fees and litigation expenses. Kathleen, Brian, and John respond by simply contending that the issue is not properly before this court because the issue of attorney's fees was severed into a new cause of action by the trial court. We agree. Because the trial court did not rule on the issue of attorney's fees one way or the other, there is no judgment on the issue. Because there is no judgment, no appellate jurisdiction exists to review this issue. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2017). Accordingly, issue two is overruled.

CONCLUSION

The judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice