**Opinion issued April 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-26-00019-CV

———————————

**SAVANNA FAZZOLARI, Appellant**

**V.**

**BEVERLY FAZZOLARI, Appellee**

---

**On Appeal from the 505th District Court**
**Fort County, Texas**
**Trial Court Case No. 17-DCV-246072**

---

## MEMORANDUM OPINION

Appellant, Savanna Fazzolari, filed a notice of appeal of the trial court's October 21, 2025 order denying her motion to vacate for fraud on the court. We dismiss the appeal for lack of jurisdiction.

On September 10, 2025, Fazzolari filed a motion to vacate the trial court's previous December 20, 2018 and May 30, 2019 orders "due to fraud upon the court." On October 21, 2025, the trial court signed an order denying Fazzolari's motion to vacate. Fazzolari's notice of appeal, filed on January 6, 2026, stated that she sought to appeal the trial court's order denying her motion to vacate.

Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). "An order denying a motion to vacate is not independently appealable." *Anassi v. Off. of Att'y Gen. of Tex.*, No. 01-21-00296-CV, 2021 WL 4733235, at *1 (Tex. App.—Houston [1st Dist.] Oct. 12, 2021, no pet.) (mem. op.); *see also Jenkins v. Jenkins*, No. 02-23-00228-CV, 2024 WL 3611005, at *4 (Tex. App.—Fort Worth Aug. 1, 2024, no pet.) (mem. op.); *Blank v. Nuszen*, No. 01-18-00379-CV, 2019 WL 3783326, at *1 (Tex. App.—Houston [1st Dist.] Aug. 13, 2019, no pet.) (mem. op.). "Motions to vacate are generally considered direct attacks that must be filed within thirty days of a final judgment, even when the judgment is void." *In re Benavides*, 605 S.W.3d 234, 239 (Tex. App.—San Antonio 2020, pet. denied).

Fazzolari's motion to vacate the trial court's December 20, 2018 and May 30, 2019 orders "due to fraud upon the court" was an untimely direct attack on the trial court's previous orders. *See, e.g., In re N.W.*, No. 12-25-00340-CV, 2025 WL

3724368, at *1 (Tex. App.—Tyler Dec. 23, 2025, no pet.) (mem. op.). Further, we cannot construe Fazzolari's notice of appeal as a bona fide attempt to appeal the trial court's December 20, 2018 and May 30, 2019 orders because the notice of appeal was filed too late to confer jurisdiction on this Court. *See* TEX. R. APP. P. 25.1(b) (filing timely notice of appeal invokes appellate court's jurisdiction); TEX. R. APP. P. 26.1(a) (requiring notice of appeal to be filed within thirty days after judgment is signed or within ninety days if party timely files motion for new trial); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (once time has passed for extending deadline for filing notice of appeal, party can no longer invoke appellate court's jurisdiction); *Anassi*, 2021 WL 4733235, at *1 (this Court could not construe appellant's notice of appeal from denial of his motion to vacate "as a bona fide attempt to appeal from the final judgment" because "notice of appeal was filed too late to confer jurisdiction on this Court").

On March 10, 2026, the Clerk of this Court notified Fazzolari that the Court may dismiss her appeal for lack of jurisdiction unless she timely filed a response demonstrating that the Court had jurisdiction over her appeal. *See* TEX. R. APP. P. 42.3(a).

In her response, Fazzolari reiterated that her intention was to appeal the trial court's October 21, 2025 order denying her motion to vacate the trial court's previous December 20, 2018 and May 30, 2019 orders. However, as noted above,

"[a]n order denying a motion to vacate is not [an] independently appealable [order]." *Anassi*, 2021 WL 4733235, at *1.

Further, we note that Fazzolari mentioned a bill of review in her response, although it is unclear whether Fazzolari is asking this Court to construe her motion to vacate as a petition for bill of review and the trial court's October 21, 2025 order as an order denying a petition for bill of review. *See Roberts v. Roberts*, 646 S.W.3d 56, 59 (Tex. App.—San Antonio 2022, pet. denied) ("[A]n order denying a bill of review is a final, appealable order").

However, a bill of review is a new suit filed in the same court rendering the original judgment, and it must be verified. *In re D.L.S.*, No. 05-08-00173-CV, 2009 WL 1875579, at *3 (Tex. App.—Dallas July 1, 2009, no pet.) (mem. op.). To invoke the equitable powers of the court, a petitioner asking for a bill of review must allege and present prima facie proof: (1) that she has a meritorious claim or defense; (2) that she was prevented from asserting by fraud, accident, or wrongful act of the opposite party or official mistake; and (3) without any fault or negligence of her own. *Id.* A petitioner claiming non-service is relieved of proving the first two elements in her bill-of-review proceeding. *Id.*

We conclude that the record does not support construing Fazzolari's motion to vacate as a bill of review. Even if Fazzolari is relieved of providing the first two elements for a bill of review, her motion was not verified, did not set out the third

4

required element, and did not purport to initiate a new suit.[1] *See, e.g., Staten v. FIA Card Servs., NA*, No. 05-25-00817-CV 2026 WL 884725, at *1–2 (Tex. App.—Dallas Mar. 31, 2026, no pet. h.) (mem. op.); *In re B.L.P.*, No. 05-11-00470-CV, 2012 WL 6200707, at *1 (Tex. App.—Dallas Dec. 12, 2012, no pet.) (mem. op.) (declining to construe motion to modify as petition for bill of review where motion was not filed as independent proceeding, did not purport to set out prima facie requirements for bill of review, and was summarily dismissed by trial court); *Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 280 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (appellate court could not consider appellant's response to application for turnover as bill of review where "it d[id] not meet two primary criteria for a bill of review: (1) a verified, (2) new, independent suit").

Based on record, the order Fazzolari seeks to appeal is a non-appealable order denying her motion to vacate for fraud on the court. As such, we hold that we lack jurisdiction over her appeal.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.

---

[1] In her response, Fazzolari did not assert that she had met the requirements of a bill of review.

5